# Betz *v.* Mullin.

*Real action in the nature of Ejectment.*

1. *Ejectment; what necessary to recovery in.*—Ejectment was originally, at common law, a personal action of trespass, and while retaining that form, would have been properly classified as an action *ex delicto;* but in this State it has always been a mixed action for the recovery of land, and damages for its use and occupation, whether the right is simply possessory, or a right to the freehold itself ; and whether the common law action of ejectment or the statutory real action is pursued, the issues are the same, the plaintiff must recover on the strength of his own title, and show that he had at the commencement of the suit a legal title entitling him to immediate possession, and that defendant was then in possession.

2. *Wife; when should be sued alone.*—Ejectment to recover lands in the possession of husband and wife, under a deed creating a statutory separate estate in the wife, must, under the provisions of the Code, (§ 2892) be brought against the wife alone.

3. *Same; test of liability to suit alone.*—The test of the wife's liability to suit alone, is not the validity, but the nature and character of her title ; if that devolves on her a statutory estate, as between her and her husband, she must be sued alone, though her title may be invalid or subordinate to the title of the plaintiff, and incapable of protecting the possession against his right of entry.

4. *Verdict; what sufficient.*—A general verdict, finding all the issue in favor of the plaintiff in a statutory real action, where the complaint contains a substantial cause of action, and properly describes the premises sued for, is sufficient, and authorizes judgment, though the verdict does not describe the lands.

5. *Registration ; statute of, construed.*—The statute of registration, under

[Betz v. Mullin.]

the operation of which a junior conveyance may take precedence of a senior conveyance of the legal estate, saves the priority of the senior conveyance, if recorded within three months after its date, over a junior conveyance that may be earlier recorded, though the junior grantee may not have had notice of it, and has paid valuable consideration.

APPEAL from Lee Circuit Court.

Tried before Hon. JAMES E. COBB.

This was a real action under the Code, commenced by the appellee, S. L. Mullin, against the appellant, America A. Betz. The complaint contains an accurate description of the lands sued for, and avers that the defendant entered thereupon and unlawfully withholds and detains the same.

Both parties claimed title through one Russell Penn, the appellee, Mullin, by a deed of bargain and sale to him executed on the 10th day of October, 1876, and recorded on the 6th day of November, 1876. There was evidence tending to prove that Mullin paid valuable consideration for the land at the time of the purchase, and that Russell Penn was in possession when he made the deed to him. The defendant claimed title by a deed from said Penn, executed on the 4th day of November, 1876, and recorded on the 6th of the same month. This deed was also a simple deed of bargain and sale. Further evidence in the cause proved, without conflict, that at the time the deed to defendant was executed, she was, and has since been, a married woman, living with her husband, Andrew Betz; that upon the execution of the deed to her, her husband took possession of the lands for her, and has since continually held them. There was evidence tending to show that the defendant paid the purchase-money to said Russell Penn, and received said deed from him while he was in possession of said premises, and that she had no knowledge or notice at the time of paying said money and receiving said deed, that the plaintiff claimed any title to or interest in said lands; but upon said question of notice the evidence was conflicting.

The court charged the jury, amongst other things, "that if the plaintiff's deed was recorded within three months from its execution, and was for valuable consideration paid at the time of purchase, and was properly executed, then defendant could not claim protection as a *bona fide* purchaser without notice of said deed; that the effect of recording the plaintiff's deed within three months, was to charge the defendant with notice of the plaintiff's title, even though said defendant had no actual notice." To this charge the defendant excepted, and asked the court to give the following charge: "That if they believed all the evidence they should

VOL. LXII.

[Betz v. Mullin.]

find for the defendant." This charge the court refused to give, and the defendant excepted.

The judgment entry shows the defendant entered into the consent rule, admitting lease, entry, ouster and possession of the premises sued for, that there was a general verdict for the plaintiff "for the lands sued for," and a judgment for recovery of the lands and costs against the appellant. She moved in the court below to set aside and vacate the judgment—1st. Because the judgment is not supported by verdict of the jury. 2d. Because the verdict of the jury in favor of the plaintiff does not specify whether it is for the whole or a part only of the premises sued for. 3d. Because the verdict of the jury is insufficient to authorize a judgment for the premises described in the complaint. This motion the court overruled, and the defendant excepted.

The various rulings to which exceptions were reserved, are now assigned as error.

JOHN M. CHILTON, for appellant.—At common law, the wife was not suable alone, and the statute (Code 1876, § 2892,) makes no change in the common law in respect to actions of this kind. The point is not waived by the pleadings. The fact of coverture did not appear upon the face of the complaint, and no objection could, therefore, be made to the complaint. This being the case, the defendant was compelled to take issue, and prove her coverture under the general issue. She could not have pleaded in abatement; such a plea is never allowed in an action of ejectment.—Tyler on Ejectment, 405; 6 Maul & Selvyn, 203. Such defense could be made under the general issue.—2 Bush. Dig. p. 101, § 412. The charge of the court was erroneous. The plaintiff not only fails to record his deed for more than thirty days, but leaves the grantor in possession, and thus in a condition to impose upon others. While the grantor is left in possession, can it be said that if the plaintiff's deed was recorded within three months, that it charged the defendant with notice, even though she had no actual notice?

H. C. LINDSEY, contra.—The action was properly brought against appellant, because it pertains to what she contended was her statutory separate estate. In such case, the wife must sue and be sued alone. It is the nature and not the validity of the wife's claim, respecting her separate property, which is the test of her liability and her husband's exemption from suit.—1 Lansing (N. Y.) 295. But in any event, the appellant waived any defense on this point by pleading "not guilty." At common law, in an action ex delicto, a mar-

ried woman was required to plead coverture in abatement. 1 Chitty Pl. 92. A plea in abatement is allowable in this action.—6 Ala. 415. The charge given by the court was free from error. The verdict of the jury is sufficient to support the judgment, if the complaint was sufficient.—1 Brick. Dig. 637, § 189, and in this case the complaint is full and sufficient.

BRICKELL, C. J.—An action of ejectment was originally at common law, a personal action of trespass, and while retaining that form, would have been properly classified as an action *ex delicto*. In this State, it has always been a mixed action for the recovery of land, and damages for its use and occupation, whether the right is simply possessory or a right to the freehold itself. The Code of 1852 abolished all common law forms of action, and substituted for them the simple forms it provided. A real action, *in the nature of an action of ejectment,* to recover the possession of land, in which damages for the possession or use and occupation were to be computed to the time of the verdict, was substituted for all common law real actions, whether *droitural* or possessory.—*Ivey v. Blum,* 53 Ala. 172. In 1863, the common law action of ejectment was revived, and parties were given the election to pursue it or the statutory action. Whether the common law action of ejectment or the statutory real action is pursued, the issues are the same, and the plaintiff must recover on the strength of his own title, and is bound to show that at the commencement of the action, he had a legal title, entitling him to immediate possession, and that the defendant was then in possession.

2. The statute declares husband and wife must be joined, either as plaintiffs or defendants, when the wife has an interest in the subject matter of the suit, *unless the suit relate to her separate estate, when she must sue or be sued alone.*—Code of 1876, § 2892. The latter clause of the statute is in abrogation of the rule of the common law, that a *feme covert* could not be sued alone. The appellant and her husband were in possession of the lands in controversy, when the present, a statutory real action, was commenced. The title, or estate, under which the possession was taken and held, resided in the wife, and was her statutory separate estate. The possession must be referred to the title, and she was therefore suable alone. The title may be invalid; it may be subordinate to the title of the appellee, and may be incapable of protecting the possession against his right of entry. The test of her liability to suit alone, is not the validity but the nature and character of her title. If that devolves on her

[Eagle & Phœnix Manufacturing Co. v. Gibson.]

a statutory separate estate, as between her and her husband, the statute is imperative that she must be sued alone, having full opportunity to defend it, and in a relation to be concluded by the judgment which may be rendered. How far the husband may now be liable for the torts of the wife, or the mode of taking advantage of the nonjoinder of the husband, if the wife is sued alone in an action *ex delicto*, are not questions now involved. The suit *relates to the separate estate of the wife*, and she was, under the statute, suable alone.

3. The complaint contains a sufficient cause of action, describes the lands accurately, averring that the defendant entered thereupon and unlawfully withheld and detained the same. The verdict is general, finding the issues for the plaintiff. The verdict must be referred to the issues, and when so referred, it is certain, and would not have been more so if it had mentioned the lands.—*Hamner v. Eddins*, 3 Stew. 192.

4. It is only by operation of the statute of registration, that a junior conveyance can have priority over a senior conveyance of the legal estate. If the senior conveyance is recorded within three months after its date, the statute preserves its priority over a junior conveyance that may be earlier recorded, though the junior grantee may not have notice of it, and it is supported by a valuable consideration.

The rulings of the Circuit Court, to which exceptions were taken, conformed to these views, and the judgment must be affirmed.