# CASES

IN THE

# SUPREME COURT OF ALABAMA.

## NOVEMBER TERM, 1899.

## Bean *et al. v.* The State.

### *Indictment for Murder.*

1. *Organization of jury; plea in abatement; general affirmative charge.*—When the defendant in a criminal case files a plea in abatement in which he avers that one of the persons who served upon the grand jury that preferred the indictment against him was not drawn as a grand juror by the officers whose duty it was to select grand jurors for said term of the court, nor was such person put upon the grand jury, if the evidence introduced upon the trial of the issue formed upon said plea is in conflict as to whether the person named in the plea, and who served on said grand jury, was selected by the jury commission to serve upon said grand jury, or whether they drew and intended to place upon the grand jury another person having the same surname but different initials, it is error for the court to give the general affirmative charge at the request of the State; it being the province of the jury to determine whether or not the person who served was intended by the jury commission to be drawn as a grand juror for said term of the court.

APPEAL from the Circuit Court of Jackson.

Tried before the Hon. J. A. BILBRO.

The appellants, Henry Bean and Harlin Bean, were indicted and tried for murder in the second degree, were convicted of manslaughter in the first degree, and sentenced to the penitentiary for five years. The only question presented for review on the present appeal arose upon the trial of the issue under the plea of abatement filed by the defendants. This plea was as follows: "Come

the defendants and for plea to the indictment say that one John S. Davis acted as a grand juror at the time said indictment was found, to-wit, at the Spring term, 1899, of said circuit court, and participated in the proceedings of said grand jury in finding said indictment, and that said John S. Davis was not selected or drawn as a grand juror by the officers whose duty it was to select grand jurors for said term of the court, nor was the said John S. Davis placed or drawn on said grand jury to supply a deficiency in the number of said grand jury or in any other manner whatever. Wherefore, they pray judgment of the court that said indictment be quashed." In support of the plea, the defendants introduced evidence to show that in filling the jury box from which the grand jurors for the term of the court at which the grand jury that preferred the indictment against the defendants was organized, it was regularly filled by the jury commissioners of the county, and that it was from the jury box so filled that said grand jury was drawn; that in filling the box the jury commissioners obtained the names of the jurors from the tax books and from the registration books; that the registration book in Bridgeport precinct in the county of Jackson, which was introduced in evidence, shows that there was a W. S. Davis in said precinct and one John S. Davis in said precinct; that W. S. Davis was a negro, while John S. Davis was a white man, and that they were so designated on the registration lists. The jury commissioners who were examined as witnesses testified that no names that were designated as the names of colored persons were placed in the jury box; that the jury commissioners were careful not to put in negros' names in said box. The list of jurors which were drawn to serve on the grand jury which preferred the indictment against the defendants was introduced in evidence and showed that among the number so drawn and which were to serve and were present at the time of the organization of said grand jury, was the name of W. S. Davis, whose residence was given as being in Bridgeport precinct. It was further shown that upon the organization of the grand jury, when the name of W. S. Davis was called, J. S. Davis responded and was placed upon

the grand jury; that J. S. Davis acted as grand juror during the time the indictment against the defendant was preferred, and that he received and collected the grand juror's certificate which was drawn in the name of W. S. Davis, and that in making the report of the committee appointed from the grand jury to investigate the County Treasurer's books, J. S. Davis signed said report as W. S. Davis. The deputy sheriff who summoned J. S. Davis as a grand juror, testified that the name on the list of jurors was W. S. Davis, and not being able to find W. S. Davis he summoned John S. Davis.

The State introduced as a witness J. S. Davis, who testified that he was a member of the grand jury at the term of the court at which the indictment against the defendants was preferred; that his name was "John Wesley Solomon Davis," but that he had not used "Wesley" in his name for the last ten years, and that he was generally known as J. S. Davis or John S. Davis. After having been summoned as a juror, he attended the term of the court to which he was summoned and told the sheriff that he had his name wrong on the list of jurors, and that the sheriff replied that made no difference, and that it was on account of this response on the part of the sheriff that he signed his name to the report of the Treasurer's books as W. S. Davis, and that he drew the grand juror's certificate as W. S. Davis.

Upon this evidence the court, at the request of the State, gave to the jury the following written charge: "If the jury believe all the evidence, they will find the issue in favor of the State." To the giving of this charge the defendants duly excepted.

JOHN B. TALLY, for appellants.

CHAS. G. BROWN, Attorney-General, for the State, cited Crim. Code, § 3270; *Cochran v. State,* 89 Ala. 40; *Nixon v. State,* 68 Ala. 535; *Sampson v. State,* 107 Ala. 81; *Bowen v. State,* 119 Ala. 9.

McCLELLAN, C. J.—On the evidence in this case it was a question for the jury whether the jury commissioners selected J. S. Davis as a person fit and competent

to discharge the duties of a grand and petit juror, and in-
tended to transcribe the name of J. S. Davis on the slip
of paper which they deposited in the jury box; and if the
jury found affirmatively upon this issue, and further
that the name W. S. Davis was through inadvertence or
clerical misprision written upon the slip instead of the
name J. S. Davis, and so placed in the box, they would
have been properly led to the final conclusion that J. S.
Davis and not W. S. Davis was drawn as a juror and,
of consequence, that the plea in abatement was not sus-
tained by the evidence.     But the affirmative- charge
given for the State on the issue presented by the plea in
abatement took this inquiry away from the jury; and the
action of the court in this connection was, therefore, er-
roneous.—*Cochran v. State*, 89 Ala. 40.

For the purposes of another trial we may remark that
the testimony of the Davis who served as a grand juror
to the effect that he had been christened, and that at
some time in the remote past while living in another
State he had borne the name of John Wesley Solomon
Davis was irrelevant and impertinent.    That was
neither his name in fact nor was he known by it at the
time the jury box was filled; the middle name "Wesley"
having been wholly discarded by him years before and
never having been employed by him or by others or
known to others during the long period of his residence
in this State.

Reversed and remanded.

