KEVER v. PHILADELPHIA & READING COAL & IRON CO.

(District Court, E. D. New York. July 15, 1916.)

1. DEATH ⬥31(6)—ACTION—MAINTAINABLE BY WIDOW ALONE.

The cause of action given by statute to widow and children for death of the husband and father is in practice maintainable in her name alone as widow, without recital in the title that it is brought on behalf of herself and children.

[Ed. Note.—For other cases, see Death, Cent. Dig. §§ 41, 42; Dec. Dig. ⬥31(6).]

2. COURTS ⬥311—FEDERAL COURTS—JURISDICTION.

The jurisdiction of federal court over an action for death maintainable by widow alone depends on place of residence and citizenship of the widow.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 858; Dec. Dig. ⬥311.]

3. JURY ⬥12(1)—FEDERAL COURTS—JURISDICTION.

Questions as to the jurisdiction of federal courts on diversity of citizenship may be disposed of on motion, when they depend upon questions of law from facts appearing in the record; but where they depend on contested facts, arising on a plea presenting the defense, that plaintiff is an alien, and defendant's residence is in another district in a different state, plaintiff may insist that such a plea be tried as one of the essential elements of the cause of action, as to which a jury trial is a matter of right.

[Ed. Note.—For other cases, see Jury, Cent. Dig. § 27; Dec. Dig. ⬥12(1).]

4. COURTS ⬥37(3)—FEDERAL COURTS—JURISDICTION—WAIVER OF OBJECTIONS.

A defendant, raising a plea of jurisdiction upon evidence coming out during the course of a trial, must withdraw his general answer and submit to determination of the case upon his plea; and if he wishes to have an issue of negligence submitted to the jury upon the merits without regard to the plea, this will be considered a waiver of the jurisdictional question.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 149, 151; Dec. Dig. ⬥37(3).]

5. COURTS ⬥280—FEDERAL COURTS—QUESTION OF JURISDICTION—FIRST DISCLOSED AT TRIAL.

When the jurisdictional question is presented for the first time upon the trial, if the defendant then elects to plead it, the court should proceed to determine the facts governing it; and if the question is decided against defendant, or if he has waived his right to object, the court may proceed with the trial on the merits.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 816–818; Dec. Dig. ⬥280.]

6. COURTS ⬥37(3)—FEDERAL COURTS—JURISDICTION—WAIVER OF OBJECTION.

Defendant will not be allowed to stand upon its plea to the jurisdiction and also contest the issue upon the merits, unless, to avoid a second trial, the court compels the defendant to go on, and thus leaves the issue on the merits to the jury, conditional upon the finding by the jury in favor of plaintiff upon the jurisdictional question.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 149, 151; Dec. Dig. ⬥37(3).]

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

7. COURTS ⊂═⊃325—FEDERAL COURTS—JURISDICTION.

In a widow's action to recover for the benefit of herself and her minor children damages provided for by statute for the death of her husband, the defendant appeared generally and answered. Thereafter defendant moved to withdraw its appearance and answer, and file a plea to the jurisdiction on the ground that the District Court, in which suit was had, was without jurisdiction, because defendant resided in another district in a different state and the widow was an alien. *Held* that, as a plea to the merits waives objections to the jurisdiction, defendant, while entitled to withdraw its answer, could not file a plea to the jurisdiction, and at the same time answer to the merits of the action.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 884; Dec. Dig. ⊂═⊃325.]

At Law. Action by Katherin Kever, widow of George Kever, deceased, against the Philadelphia & Reading Coal & Iron Company. On the trial the jury disagreed, and the case was set down for new trial. Upon the evidence at the trial the defendant now moves to withdraw its answer and interpose a plea. Motion granted, and hearing to be disposed of in accordance with plaintiff's demand for jury trial.

Baltrus S. Yankaus, of New York City, for plaintiff.
Macklin, Brown & Purdy, of New York City, for defendant.

CHATFIELD, District Judge. [1, 2] The plaintiff is in court alleging that she is a citizen of the United States and a resident of the state of New York. She is maintaining a cause of action which is given by statute to herself and to her six children, who were all born in the United States and are citizens. This cause of action, however, seems in practice to be maintainable in her name alone, as widow, without recital in the title that it is brought on behalf of herself and the children. It has been treated by both parties as if the total rights of the seven individuals were vested in the plaintiff as representative of them all. It would seem to follow, therefore, that the jurisdiction of the court would depend upon the place of residence and citizenship of the widow.

It has already been held that the defendant has waived the right to oppose the maintenance of the action in the United States court in this district, as long as it was brought in the residence of either the plaintiff or the defendant upon the ground of diversity of citizenship. The defendant raised by answer an issue as to the allegation of citizenship by the plaintiff, and in spite of the rights of the six citizen children the defendant seeks now to withdraw its general appearance and answer, and to make an application upon a hearing as if upon a special plea, asking that the suit be dismissed if the plaintiff be found to be an alien, and therefore to be seeking to maintain an action in this district against a citizen and resident of the state of Pennsylvania and of one of the districts of that state. The plaintiff objects to such a course and demands a trial by jury upon the question of citizenship.

[3] While questions of jurisdiction may be disposed of upon motion, when they depend upon questions of law from facts appearing in the

record, it would seem that either party should be entitled to demand a jury trial as to any issue which substantially goes to the merits of a cause of action, which must be tried by a jury, if either of the parties so demand. While, therefore, the question of citizenship might be a conclusion of law, if the facts are admitted or settled, nevertheless, in the present condition of the case, it would seem that the plaintiff has a right to insist that a plea of this nature be tried as one of the essential elements of the cause of action, as to which a jury trial is a matter of right.

[4] It was held in the case of Yensavage v. Lehigh Valley Coal Company (unreported), affirmed 218 Fed. 547, 134 C. C. A. 275, that a defendant, raising a plea of jurisdiction upon evidence coming out during the course of a trial, must withdraw his general answer and submit to a determination of the case upon his plea, and that, if the defendant wished to have the issue of negligence submitted to the jury upon the merits without regard to the plea, it would be considered a waiver of the jurisdictional question.

[5] It has since been stated in the case of Lehigh Valley Coal Co. v. Washko, 231 Fed. 42, —— C. C. A. —— (Second Circuit, February 15, 1916), that if the defendant elects to plead the jurisdictional question, when this is raised for the first time upon the trial, the court should proceed to a determination of the facts from which the question of jurisdiction should be judged. If that question is decided against the defendant, or if he be held to have waived his right to object, the court may then proceed with the trial of the action upon the merits. Thus the court may leave the issue on the merits to the jury, conditional upon the finding by the jury in favor of the plaintiff upon the jurisdictional question.

[6] By this, if the jury find the facts (upon which the issue of jurisdiction is to be determined) in favor of the plaintiff, a trial upon the merits would be had. If the jury find these facts against the plaintiff, and should so indicate by their verdict, then the balance of the trial would be without effect, and the jury could not render a verdict upon the merits. If there be no issue of fact, then the question of jurisdiction must necessarily be determined as a matter of law. Ruling on the question of law might be reserved, but it would seem that the defendant could not and should not be allowed to stand upon its plea to the jurisdiction, and also be allowed to contest the issue upon the merits, unless the court (as indicated in the Washko Case, supra) compelled the defendant to go on, so as to avoid a second trial.

[7] Upon the present motion, the defendant asks leave to interpose a plea, which cannot be determined, in the face of the plaintiff's demand for a jury trial, until such time as the action upon the merits might also be tried. The defendant's motion should be granted, to the extent of allowing it to withdraw its answer and to interpose a plea. The court does not see how the defendant can at the same time interpose an answer upon the merits, for the opportunity is now given, without compulsion, to elect whether it will waive its right to object to suit in this district.

The hearing of the plea will be disposed of according to the plaintiff's action in demanding a jury trial thereof.