214 So.2d 284

### Ex parte WESTERN RAILWAY OF ALABAMA.

#### 6 Div. 498.

Supreme Court of Alabama.

Sept. 12, 1968.

Steiner, Crum & Baker and M. R. Nachman, Jr., Montgomery, and Cabaniss, Johnston, Gardner & Clark and Leigh M. Clark, Birmingham, for petitioner.

**8**

Rives, Peterson, Pettus & Conway, Birmingham, for respondent.

HARWOOD, Justice.

Paula Morrison Ritter, as administratrix of the estate of her deceased husband, filed a suit against the Western Railway of Alabama, a Corporation, and the Central of Georgia Railway Company, a Corporation, seeking damages for the death of her husband.

Count 1 averred that the defendants were common carriers engaged in the business of transporting freight for hire in interstate commerce; that the defendants owned or operated a railroad yard in Montgomery County, Alabama, known as the "Montgomery Joint Yard of the Western Railway of Alabama and Central of Georgia Railway Company" for use in switching railroad cars for the defendants; that on the date of Mr. Ritter's injuries he was in the employ

of the defendants as a member of a switch engine crew whose duties required them to switch railroad cars for the defendants; that while the switch engine crew of which the plaintiff's husband was a member was engaged in the switching of railroad cars for the defendants with a switch engine known as "Central of Georgia Switch Engine—Baldwin 1942" on a track known as the "Central of Georgia Connelly Pit Track" within the yard limits of the above mentioned "Montgomery Joint Yard" of the defendants, the plaintiff's said husband was caused to be run over by a railroad car or the said switch engine and (here the injuries are catalogued and negligence properly averred); the count further averred that the cause of action was brought under the Federal Employers' Liability Act, namely, Title 45, U.S.C.A., Section 51.

Count 2 of the complaint is the same as Count 1, other than in lieu of averring that the injuries to Mr. Ritter approximately resulted from the negligence of the officers, agents, or employees of the defendants etc., averred that the said injuries of the deceased husband resulted from the negligence of the defendants in failing to exercise reasonable care in furnishing or maintaining for the plaintiff's husband a reasonably safe place to perform his work.

A jury trial was demanded by the plaintiff.

Thereafter Western Railway of Alabama appearing specially and solely for the purpose, filed three pleas seeking abatement of this action.

Plea 1 averred that at the time this cause of action arose and at all intervening times, the Western Railway of Alabama did business by agent in Montgomery County, Alabama; that the injury to the plaintiff's intestate was alleged to have occurred in Montgomery County and that Montgomery County is the County of the plaintiff's residence and that the Western Railway of Alabama is amenable to suit in Montgomery County, Alabama.

The plea further alleges that the defendant, Central of Georgia Railway Company, a foreign corporation, was not the employer of the plaintiff's intestate, and that the plaintiff's intestate was employed only by the defendant Western Railway of Alabama at the time of his injury, and that there exists no conceivable basis in law on which Central of Georgia could be liable to the plaintiff as complained of in the complaint.

Western Railway of Alabama further averred that this suit should be abated and not allowed to proceed further; and prayed that it be transferred, under the provisions of Title 7, Section 64(1), Alabama Code as amended, to the Circuit Court of Montgomery County, Alabama, for further proceeding.

Plea 2 alleges that the plaintiff knew that the deceased husband was not employed by Central of Georgia and that the suit against Central of Georgia was not instituted in good faith, and simulated a cause of action against Central of Georgia solely for the purpose of obtaining venue in Jefferson County.

Plea 3 is substantially the same as the two prior pleas except that it avers that the plaintiff had no reasonable or probable cause to believe that her husband was employed by the Central of Georgia Railway Company at the time of his death.

The plaintiff's demurrers to the pleas were overruled, and the plaintiff joined issue on the pleas, and demanded a jury hearing thereon.

Western Railway of Alabama filed a motion to strike the plaintiff's demand for a jury for the trial of said pleas. This motion was overruled.

Thereafter Western Railway of Alabama filed in this court a petition for a writ of mandamus or other appropriate writ, ordering and directing the Hon. J. Edgar Bowron, a judge of the Circuit Court of Jefferson County, Alabama, to decide all issues involved in Western Railway of Alabama's

pleas in abatement without the intervention of a jury, or show cause why he should not. This court issued a rule nisi as prayed, returnable in 30 days.

Pursuant to the rule nisi, Judge Bowron has filed a demurrer to the petition for the writ of mandamus and an answer to the rule nisi.

In his demurrer and also his answer to the rule nisi, Judge Bowron has set forth (1) that the pleas do not present a jurisdictional question to be decided solely as a question of law, but rather present a question of venue determinable upon the trial of disputed factual issues with respect to which the plaintiff is entitled to a jury trial under the Federal Employers' Liability Act, the Alabama and Federal Constitutions, and the applicable statutes of his state, and (2) that the issues raised by the pleas in abatement and joinder of issue thereon are not controlled by the state of the record but by the factual issues as to which the plaintiff is entitled to a jury trial.

The terms "jurisdiction" and "venue" are often confused and loosely used. In its pure sense "jurisdiction" means the power of a court to entertain and consider a cause, and render a binding judgment therein. "Venue" refers to the court in which for the sake of convenience or policy considerations the cause is to be tried. Pepperell Mfg. Co. v. Alabama National Bank, 261 Ala. 665, 75 So.2d 665.

Under Section 56, Title 45, U.S.C.A., concurrent jurisdiction is conferred upon the federal courts and the appropriate state court to hear and determine a claim arising under the Federal Employers' Liability Act. The Circuit Court of Jefferson County therefore had jurisdiction of the subject matter of the suit.

The complaint alleges that the deceased husband was employed by the Western of Alabama and by the Central of Georgia at the time of his injuries. There appears no controversy but that the Central of Georgia is a foreign corporation doing business in Jefferson County.

Under Section 60, Title 7, Code of Alabama 1940, a foreign corporation may be sued in any county in which it does business by an agent. The Circuit Court of Jefferson County therefore, upon service of process, had jurisdiction of the Central of Georgia, and jurisdiction of the cause of action against it so far as disclosed by the complaint, under the provisions of the Federal Employers' Liability Act.

Western of Alabama was named as a co-defendant in the complaint. It was brought into the Circuit Court by a branch summons. This is permissible under Section 185, Title 7, Code of Alabama 1940, which provides that where defendants reside or may be found in different counties, a summons may issue from the court having jurisdiction of any of such defendants, and when return is made but one suit is thereby constituted.

It is immaterial whether the joint defendant properly sued in one county is an individual or a corporation. Louisville & Nashville R. Co. v. Strickland, 219 Ala. 581, 122 So. 693.

Thus, insofar as disclosed by the record up to the filing of the pleas in abatement, the Circuit Court had jurisdiction both of the cause of action and of the defendants.

We therefore consider the pleas as being in the nature of abatement going to venue, as did Judge Bowron. The allegation in the pleas to the effect that the deceased was never an employee of the Central of Georgia would in one aspect constitute matters in bar in that employer-employee relationship is an essential element of the cause of action created by the Federal Employers' Liability Act. Section 51, Title 45, U.S.C.A. In other words, this fact must be proved in a trial on the merits in an F.E.L.A. case. Clearly a plaintiff is entitled to a jury trial on the merits in such cases if a jury is demanded.

Baker v. Texas & Pacific Railway Co., 359 U.S. 227, 79 S.Ct. 664, 3 L.Ed.2d 756, involved a question of whether a deceased was an employee of a contractor doing work on the railroad track or was an employee of the railroad. This case had been tried on its merits, and the trial court had directed a verdict for the railroad because of the trial court's view that under the evidence the deceased was an employee of the contractor only. The lower court's decision was affirmed by the Supreme Court of Texas. (See Baker v. Texas & Pacific Railway Co., Tex.Civ.App., 309 S.W.2d 92.)

In reversing the judgment of the Texas court, the Supreme Court of the United States wrote:

"Although we find no decision of this Court that has discussed the matter, we think it perfectly plain that the question, like that of fault or of causation under the Act, contains factual elements such as to make it one for the jury under appropriate instructions as to the various relevant factors under law."

In Illinois Central R. Co. v. Johnston, 205 Ala. 1, 87 So. 866, an early Federal Employers' Liability Act case, one of the questions presented was whether the plaintiff was an employee of the Illinois Central Railway Company or of the American Express Company, at the time of his injuries. Originally this court reversed the judgment of the lower court on the basis that the lower court had erred in denying the defendant's motion for a new trial on the grounds that "the overwhelming weight of the evidence, after 'allowing all reasonable presumptions' in favor of the jury's conclusions, went to prove that the plaintiff did not, at the time of his injury, bear the conventional relation of employee to the railway company as his employer * * *."

However, on application for rehearing, this court granted the application and affirmed the judgment of the lower court, stating:

"The evidence stated clearly warranted the submission of this question to the jury, and warranted them in finding that the plaintiff was an employee of the defendant at the time he was injured." (Large number of citations omitted.)

The petitioner in the present mandamus proceeding contends that the question presented, that is, whether the plaintiff was entitled to a jury trial on the plea in abatement, is controlled by the settled principle that every court of general jurisdiction has the power to determine the question of its own jurisdiction and of the venue of actions brought before it.

On the other hand, Section 11 of our Constitution provides "that the right of trial by jury shall remain inviolate."

In Kever v. Philadelphia & R. Coal and I. Co., D.C., 234 F. 814, a plea to the jurisdiction of the court was entered alleging that the plaintiff was an alien. In reference to the plaintiff's demand for a jury trial on the question of her citizenship, the court wrote:

"While questions of jurisdiction may be disposed of upon motion, when they depend upon questions of law from facts appearing in the record, it would seem that either party should be entitled to demand a jury trial as to any issue which substantially goes to the merits of a cause of action, which must be tried by a jury if either of the parties so demand. While, therefore, the question of citizenship might be a conclusion of law, if the facts are admitted or settled, nevertheless, in the present condition of the case, it would seem that the plaintiff has a right to insist that a plea of this nature be tried as one of the essential elements of the cause of action, as to which a jury trial is a matter of right."

In Dorrough v. Mackenson, 229 Ala. 336, 157 So. 257, an action was begun by attachment at the instance of the owner of farmland against a tenant for rent and advances. The defendant filed a plea in abatement on the basis that the "grounds set forth in the affidavit for the purpose of securing said attachment writ are untrue."

Appellant contended that the court should have heard and determined the plea in abatement, and it should not have been submitted to the jury.

To this contention, the late Foster, J., replied:

"Again we observe that the defendant duly demanded a trial by jury. Such demand applied to the plea in abatement (*to the. extent it was not controlled by the state of the record*) as well as to other issues of fact. 35 C.J. 178, § 60; Daniel v. State, 149 Ala. 44, 43 So. 22; Bean v. State, 126 Ala. 1, 28 So. 578; Tucker v. State, 152 Ala. 1, 44 So. 587." (Emphasis supplied.)

It is to be noted that Section 60, of 35 C.J., p. 178, cited above, is in the identical language as Section 49 of 50 C.J.S. Juries p. 761, and reads:

"Issues of fact arising on pleas to the jurisdiction, pleas of privilege, and pleas in abatement, should be submitted to the jury when a jury has been impanelled in the case, unless the issue is one which must be determined by an inspection of the record. However, when the evidence is undisputed, it is proper peremptorily to instruct the jury to return a verdict in accordance with such undisputed evidence."

The plaintiff in this tort action, clearly had the right to have a jury trial on the merits.

■ Ordinarily, the right to a jury trial is determined by the cause of action stated, rather than by the defenses interposed, and generally speaking whenever, in an action at law, a defense is interposed which raises a disputed question of fact, a jury trial is a matter of right. See 50 C.J.S. Juries § 40, p. 755.

Here an essential and material element of the plaintiff's cause of action was the existence of an employer-employee relationship. Such fact constituted a part of the plaintiff's cause of action, or of the defendant's defenses. It must be proved in a trial on the merits if the plaintiff is to succeed. Having a constitutional right to have a jury determine this factual issue in a trial on the merits, we can see no reason why the determination of this same factual question is not as fully a jury question when presented by a plea in abatement. See Hudgins & Bro. v. Low, 42 Tex.Civ. App. 556, 94 S.W. 411, where it was held that the lower court's action was erroneous in denying a defendant a jury trial on the question of whether a defendant was a resident of the county in which an action was brought so as to give the court jurisdiction of his person.

In Rich et al. v. Brewer, 205 Ala. 343, 87 So. 323, suit in Montgomery County was for damages for the wrongful killing of Willis Brewer. The defendants were Rich, Baltzer, James, and Varner. Varner interposed a plea to the "jurisdiction," actually venue, setting up that he was a resident of Lowndes County and that the killing took place in Lowndes County. The other defendants were residents of Montgomery County. The court charged the jury to the effect that if they believed from the evidence that the defendant, Varner, resided in Lowndes County, and that Brewer was killed in Lowndes County and that neither co-defendant was liable to the plaintiff, they could not return a verdict against Varner. This court held these charges erroneous, and in the course of the opinion observed:

"Moreover, we are not prepared to say that the pleas of Varner as to venue were open to him so long as the Montgomery county defendants, or anyone of them, remain in the case. Eagle Iron Works v. Baugh, 147 Ala. 613, 41 South. 663."

In the Eagle Iron Works case immediately supra, a corporation was sued jointly with one Stewart in Marshall County where Stewart resided. The evidence having disclosed no individual liability against Stewart, the plaintiff amended his complaint by

striking Stewart as a defendant. The plaintiff thereupon filed a plea in abatement to the venue of the the court to try the cause in the absence of Stewart. The court refused to allow such plea, apparently because not timely filed, issue having been joined. In holding that the plea in abatement should have been permitted under the situation as developed, this court observed:

"The question of venue was not open to the Eagle Iron Company so long as Stewart was a joint defendant; but, after the plaintiff eliminated Stewart from the suit, the corporation became the sole defendant and had the right to then question the venue of the action."

■ There can be no question of the petitioner's right in this case to raise the question of venue by its plea in abatement. Furthermore, a plea in abatement, presenting a question of venue, must be disposed of before other procedure can be required of a defendant who has duly limited his appearance for the purpose of the consideration of the plea in abatement. Ford Motor Co. v. Hall Auto Co., 226 Ala. 385, 147 So. 603; Rhode Island Ins. Co. of Providence, R. I. v. Holley, 226 Ala. 320, 146 So. 817; Ex parte Textile Workers Union of America, 249 Ala. 136, 30 So.2d 247.

Thus, upon the hearing on the plea in abatement in the present case, and in the event the plea is sustained, as to the Central of Georgia Railroad, it would then be proper for the court to order the transfer of the cause to Montgomery County for trial of the claim against Western of Alabama.

In brief counsel for petitioners have laid much emphasis upon the decision in *Ex parte Textile Workers Union of America,* supra. In said case the court had sustained the plaintiff's motion to strike a plea in abatement going to the jurisdiction of the court on the averment that the defendants Textile Workers Union of America were not doing business in Calhoun County under the name of "Local 204 of the Textile Workers Union of America." Instead, the court submitted this question to the jury under the plea of the general issue.

This court granted a writ of mandamus on behalf of the Textile Workers Union of America and directed the lower court to permit the filing of the pleas in abatement and to consider their sufficiency.

The lower court by its action in striking the plea in abatement deprived the defendant of the right to have the question raised by the plea determined prior to entering upon trial, a right to which the plaintiff was entitled. In no wise, however, was the question of the right to a jury trial on the plea in abatement presented nor passed upon.

Peremptory writ denied.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.