325 So.2d 135

**In re Steven D. PUGH**

**v.**

**Jack CALLOWAY d/b/a Jack Calloway Realty Co.**

**Ex parte Jack CALLOWAY and Vanway Company, Inc.**

**SC 1301.**

Supreme Court of Alabama.

Jan. 2, 1976.

Hardin, Stuart, Moncus & Noojin, Thomas S. Lowery, Birmingham, for petitioner.

Corretti, Newsom & Rogers, Birmingham, for respondent.

MADDOX, Justice.

Jack Calloway, d/b/a Jack Calloway Realty Co., Inc., petitioned this Court to grant a Writ of Mandamus to compel the Honorable William C. Barber, as judge of the Circuit Court of Jefferson County, Alabama, to vacate an order entered by him on the second day of May, 1975, striking a jury demand made by Calloway on a counter-claim filed by Calloway in a pending court action.

On April 30, 1974, Steven D. Pugh filed an action against Calloway in which he sought an injunction against Calloway from going upon a certain piece of land adjacent to a building Pugh had rented, and later purchased. The land involved is a small area approximately 15′ x 30′ at the rear of Pugh's building which Pugh contended served the building in numerous ways.

Pugh contended in his complaint that he and his predecessors in title were then and had been in actual physical possession of the real property described in the complaint and that by virtue of adverse possession, and/or prescription, he was the owner of the property.

On the same date that the original complaint was filed, Judge Barber entered a temporary restraining order enjoining the petitioners from going upon the land, or causing any agent or other person from going upon the land. Calloway entered an initial appearance by filing an answer to the complaint and a counter-claim. The counter-claim contains two counts. Count one is an action for statutory ejectment; count two is a trespass action seeking money damages and injunctive relief. At the time the petitioners filed their answer and counter-claim, a jury trial was demanded. On April 30, 1975, Pugh filed a motion to strike the petitioner's jury demand. Judge Barber granted the motion to strike the jury demand and entered the following order:

"ORDER

"This cause came on to be heard upon 'Motion To Strike Jury Demand' as filed on May 2, 1975 Plaintiff-Cross-Defendant.

"The Court heard statements and arguments of counsel and was furnished with legal authorities for the position taken by them in furtherance of an opposition to the said Motion. The Court finds that the basic issue in this cause is that of the ownership of the subject real property. Plaintiff claims title to the

subject property by virtue of a prescriptive right established by user. Defendants, in their counter-claim, claim ownership of the property and plead in ejectment and seek damages for trespass.

"Accordingly, it is CONSIDERED, ORDERED, ADJUDGED and DECREED by the Court as follows:

"*ONE*: A trial of the right of the ownership of the subject property will clarify and make solid the rights of the respective parties to proceed further with their respective claims. For the determination of this basic question of law, that is the question of ownership, the Court does not desire a jury and the Defendants-Counter-Claimants are not entitled, under the law, to a jury as to this question. Therefore, the Court will proceed to a determination, without a jury, of the question of ownership and right to possession of the subject property. The Court reserves the jury question as to the other features presented in the pleadings.

"DONE and ORDERED this 2nd day of May, 1975.

"/S/ W. C. Barber
CIRCUIT JUDGE IN EQUITY
SITTING"

 Petitioners then filed for mandamus in this Court. This Court ordered Judge Barber to show cause why he should not vacate his order striking the jury demand. Judge Barber argues that the petitioners were not entitled to a jury trial because:

1. In equity, a party is not entitled, as of right, to a jury to decide the issues of fact unless it is so provided by statute or constitution;

2. There is no right to a jury trial in an equity suit involving a subject matter of adverse possession;

3. Where a plaintiff's claim is equitable in nature, there is no right to a jury trial.

While Judge Barber's propositions of law are accurate statements, we determine that they are inapplicable to this case. As the trial judge correctly pointed out in his order, the pivotal question in this case is one of ownership of the disputed parcel. This cause has some similarity to the case of *Kelley v. Mashburn*, 286 Ala. 7, 236 So. 2d 326 (1970).

There this Court said:

"[1] Ejectment is a favored action for the trial of title to land. *McCormick v. McCormick*, 221 Ala. 606, 130 So. 226.

"[2] Ejectment was known to the common law, *Betz v. Mullin*, 62 Ala. 365, and it seems implicit that the right to trial by jury is preserved in causes known to the common law in Section 11, Constitution of Alabama 1901. *City of Mobile v. Gulf Development Co.*, 277 Ala. 431, 171 So.2d 247.

"[3] Equity will not take jurisdiction as a substitute for an action of ejectment. While there is no want of power in a court of equity to determine title to lands, it must decline jurisdiction where the remedy at law is complete and adequate, or where its jurisdiction is invoked as a substitute for an action of ejectment. *Perry v. Warnock*, 246 Ala. 470, 20 So.2d 867; *Miller v. Gaston*, 212 Ala. 519, 103 So. 541; *Hillens v. Brinsfield*, 108 Ala. 605, 18 So. 604."

Judge Barber's order striking the jury demand must be vacated.

Writ granted.

HEFLIN, C. J., and MERRILL, JONES and SHORES, JJ., concur.