The sole question presented by this case is whether the defendants were entitled to *Page 52 
a trial by jury of plaintiffs' claim that they had acquired an easement by prescription over the land of the defendants.
B.S. Tomlinson and Lois N. Tomlinson, hereinafter referred to as "Tomlinson," commenced this action against Dewey R. Hollis, Nadine Hollis, and Ruth Hollis Gifford, hereinafter referred to as "Hollis and Gifford," on July 17, 1987, after Hollis and Gifford had barricaded an old log road, which Tomlinson claimed a right to use and which, in August 1986, Tomlinson had widened from approximately 8 to 10 feet to as much as 60 to 80 feet. The evidence tended to show that the log road was used by Tomlinson as a more convenient means of access from his "North farm" to his "South farm." The log road was approximately 3/4 of a mile long and traversed unenclosed woodland belonging to Hollis and Gifford.
Tomlinson asked for a temporary injunction to enjoin Hollis and Gifford from blocking the road. The court granted a temporary restraining order restraining Hollis and Gifford from blocking Tomlinson's ingress and egress along the log road pending a final hearing. The court also allowed Tomlinson to obtain a centerline survey of the claimed easement if he chose to do so. Hollis and Gifford filed an answer denying that Tomlinson had a private easement. They claimed that Tomlinson's use of the log road across their property had been limited to specific times and purposes, that no easement or right-of-way was ever given, that his use was permissive, and that he had not made such use as to acquire an easement by prescription. In addition, Hollis and Gifford filed a counterclaim against Tomlinson based on trespass, conversion, and intentional and willful cutting and destroying of trees. See Code 1975, §35-14-1. At the time they filed their answer and counterclaim, Hollis and Gifford demanded a trial by struck jury, which was denied.
Hollis and Gifford subsequently filed a motion for a jury trial solely on their counterclaim, and the trial court severed the counterclaim and allowed it to be placed on the jury docket. Tomlinson's original complaint (this case) remained on the nonjury docket, and was later tried, the sole issue being whether Tomlinson had acquired a private easement by prescription.
After hearing ore tenus evidence, the court entered a final judgment, granting a private easement 10 feet wide along the log road over the route that had been used by Tomlinson as a means of ingress to and egress from the tract of land owned by Tomlinson known as the South farm. The easement was referred to as the Ridge Road, with two extensions known as the east fork and the west fork (Patterson Road); the court also granted a permanent injunction restraining Hollis and Gifford from preventing Tomlinson's use of the easement.
Because the case was tried by the trial judge, as shown by his pre-trial order, "on the sole issue of whether or not plaintiff ha[d] acquired a private easement by prescription over the roadway in question," we must first determine the nature of the action that was tried in order to determine whether the trial judge erred in denying the defendants' demand for a jury trial.
Ordinarily, where the right to an easement is in substantial dispute, as was the case here, equity will not afford any relief until the right has been established in a court of law.
 "Where the right to an easement is clear it need not be first established in an action at law, as a prerequisite to relief by injunction. Nevertheless, the question whether an easement exists in favor of one person against another is a purely legal one; and, subject to a limitation which will be hereafter considered in this section, if the right to an easement is in substantial dispute equity will not afford any relief until the right has been established in a court of law. However, an owner who brings a bill to establish his right of way in an alley, and for an injunction against its obstruction, and who is required by defendant to establish his title in an action at law, pending the bill, is entitled, after establishing his title, and during a continuance of the obstruction, to a perpetual injunction to prevent a recurrence of the obstruction. *Page 53 
Within the rule the right to an easement cannot be considered clear where, although the party asserting it is able to produce some evidence of his right, there is conflicting evidence which goes to the denial of the right. On the other hand, the mere fact that plaintiff's right to an easement is denied in the answer will not require its establishment at law, where the undisputed facts under well settled legal rules show that plaintiff's easement exists. A limitation of the rule that equity will not grant relief where the right to the easement is in substantial dispute has been recognized in some cases which hold that, where the emergency is pressing and the injunction affidavits make out a prima facie right in plaintiff, the proper practice is for the court to interfere by special injunction and stay defendant's hand until the right has been tried at law; then if plaintiff will not bring his suit at law within a reasonable time or fails to maintain it, the special injunction can be dissolved; but if without unreasonable delay he succeeds in establishing his right, defendant can then be heard on his answer and proofs, and the injunction be dissolved or made perpetual as may appear equitable and just. It has been held that where the existence and use of a right of way are clearly proved, but its exact location and width are in dispute, a person interfering with the use of the way may be enjoined until the location and width are settled at law."
28 C.J.S. Easements, § 107(b) (1941), p. 790-91.
Our attention has not been called to any Alabama case that involves an identical factual setting, but we have determined that some of this Court's prior cases contain principles of law that are persuasive.
In Pugh v. Calloway, 295 Ala. 139, 325 So.2d 135 (1976), this Court had before it on a petition for writ of mandamus a question somewhat similar to the one presented here, except that that case did not involve the question of the right to an easement. In that case, the plaintiff filed an action against the defendant in which he sought an injunction to prevent the defendant from going upon a certain piece of land he claimed title to by reason of adverse use for the prescriptive period. In that case, as here, the trial judge issued a restraining order in favor of the adverse claimant. There, as here, the defendant filed a counterclaim in which he claimed title to the land and, as in this case, asked for damages for "trespass" and also for an injunction. There, the counterclaimant also asked for a trial by jury and the trial court, as here, denied the request.
In Pugh, where the pivotal issue was "one of ownership of the disputed parcel," this Court wrote:
 "This cause has some similarity to the case of Kelley v. Mashburn, 286 Ala. 7, 236 So.2d 326
(1970).
"There this Court said:
 " '[1] Ejectment is a favored action for the trial of title to land. McCormick v. McCormick, 221 Ala. 606, 130 So. 226 [(1930)].
 " '[2] Ejectment was known to the common law, Betz v. Mullin, 62 Ala. 365 [(1878)], and it seems implicit that the right to trial by jury is preserved in causes known to the common law in Section 11, Constitution of Alabama 1901. City of Mobile v. Gulf Development Co., 277 Ala. 431, 171 So.2d 247 [(1965)].
 " '[3] Equity will not take jurisdiction as a substitute for an action of ejectment. While there is no want of power in a court of equity to determine title to lands, it must decline jurisdiction where the remedy at law is complete and adequate, or where its jurisdiction is invoked as a substitute for an action of ejectment. Perry v. Warnock, 246 Ala. 470, 20 So.2d 867 [(1945)]; Miller v. Gaston, 212 Ala. 519, 103 So. 541 [(1925)]; Hillens v. Brinsfield, 108 Ala. 605, 18 So. 604 [(1895)].' "
295 Ala. at 141, 325 So.2d at 137.
In McBryde v. Sayre, 86 Ala. 458, 5 So. 791 (1888), the complainant filed a bill for an injunction in aid of an easement. In that case the owner of the servient estate had obstructed the easement, and the owner *Page 54 
of the easement sought equitable relief. This Court, finding that the use of the easement by the owner had become oppressive, refused to enjoin its obstruction and left the owner of the easement to such redress as he might obtain in a court of law.
We do not hold that the trial judge erred in this case in granting a temporary injunction to maintain the status quo until the legal claims could be decided, but we do hold that he erred in denying defendant's demand for a jury trial and in granting a permanent injunction.
Having determined that the judgment is due to be reversed, we do not discuss appellants' argument that the evidence was insufficient to establish appellees' claim of prescription.
REVERSED AND REMANDED.
TORBERT, C.J., and ALMON, BEATTY and HOUSTON, JJ., concur.