CRAWLEY, Judge.
Pacesetter Corporation sued Bennett Higgins, a notary public, in the district court for damages, alleging the wrongful acknowledgment of a mortgage. Pacesetter alleged that Higgins had notarized a mortgage given by a Mr. and Mrs. Houston in favor of Pacesetter, but that the mortgage was invalid because the Houstons had not signed the instrument in the presence of Higgins. Pacesetter further alleged that it was damaged by Higgins’s improper acknowledgment by being unable to claim the status of a secured creditor when the Houstons later filed a bankruptcy petition.
Pacesetter failed to appear on the date set for trial, and the district court dismissed the action. Higgins then sued Pacesetter in the circuit court, alleging malicious prosecution. The circuit court entered a summary judgment for Pacesetter in that malicious prosecution action. Higgins appealed; we affirm.
“In order to succeed in a malicious prosecution action, a plaintiff must prove 1) that a prior judicial proceeding was instigated by the present defendant, 2) that it was instigated without probable cause and with malice, 3) that the prior proceeding ended in favor of the present plaintiff,[1] and 4) that the present plaintiff was damaged thereby.”
Pannell v. Reynolds, 655 So.2d 935, 937-38 (Ala.1994). “Probable cause is the state of facts which would lead a person of reasonable prudence to honestly believe that the claims put forth in the prior suit would prevail.” Eubanks v. Hall, 628 So.2d 773, 775 (Ala.Civ.App.1993).
Higgins argues that the circuit court erred by entering the summary judgment against him because, he claims, there was a jury question presented on the issue whether Pacesetter had probable cause to sue him for improper acknowledgment of the mortgage. Higgins concedes that the Hous-tons did not sign the mortgage in his presence and that he acknowledged their signatures after the fact. He maintains, however, that a jury question was presented on the issue whether Pacesetter had probable cause to believe that he had breached his duty as a notary public because, he says, a Pacesetter employee brought him the Houston mortgage after the Houstons had signed it and requested that he notarize the signatures. Higgins argues that, by participating in the alleged improper acknowledgment of the mortgage, Pacesetter was in pari delicto with him in the alleged wrongful act and thus, Higgins insists, Pacesetter could not have reasonably believed it would prevail against him in an action alleging breach of his duty as a notary.
Our supreme court rejected a similar argument in Constantine v. United States Fidelity & Guar. Co., 545 So.2d 750 (Ala.1989). There, a husband and wife were to execute a *1267 mortgage in favor of First Alabama Bank. The signatures of the husband and wife were to be acknowledged by a notary public who was the secretary to a vice-president of the Bank. The husband signed the mortgage in the presence of the notary public. The wife, however, could not leave her place of employment to sign the instrument, so the Bank vice-president asked the husband to take the mortgage to the wife, have her sign it, and return it to the Bank. When the husband returned with the instrument, the Bank vice-president instructed his secretary to notarize the wife’s signature. The Alabama Supreme Court held that no principal-agent relationship existed between the bank and the notary public so as to provide the notary with a defense in a false acknowledgment suit against her.
“When a notary is called on to perform an act which he is authorized by law to perform, and he does so carelessly or fraudulently, he and his surety are hable for any loss proximately resulting therefrom.” Butler v. Olshan, 280 Ala. 181, 190, 191 So.2d 7, 16 (1966). See also Central Bank of the South v. Dinsmore, 475 So.2d 842, 845 (Ala.1985); First Bank of Childersburg v. Florey, 676 So.2d 324, 331-32 (Ala.Civ.App.1996).
Based on the foregoing authorities, it is clear that Pacesetter had probable cause to bring its district court action against Higgins. Accordingly, the circuit court properly entered the summary judgment for Pacesetter in the malicious prosecution action. Pacesetter’s request for an attorney fee is denied.
The judgment of the circuit court is affirmed.
AFFIRMED.
THIGPEN and YATES, JJ., concur.
ROBERTSON, P.J., and MONROE, J., concur in the result.

. In Barrett Mobile Home Transport v. McGugin, 530 So.2d 730 (Ala.1988) (on rehearing), our supreme court held:
‘‘[T]he requirement of showing a favorable termination may be satisfied by showing that the civil action in question was abandoned or dismissed. While a termination in favor of a prior defendant for purposes of bringing a malicious prosecution action may occur in a number of ways, we now establish that a final determination on the merits is not necessary and that a voluntary dismissal 'without prejudice’ will suffice.”
530 So.2d at 735 (citations omitted).