In 1998, Robert P. Bynon, Jr., sued Mary Ellen Eason in a five-count complaint. Count I sought damages of $25,000, plus legal fees, in a breach-of-contract claim based on a promissory note. Count II sought to reform the legal description in a mortgage securing the note. Count III sought to have the court impose an equitable lien on the property that is the subject of the mortgage. Count IV sought an equitable mortgage. Count V requested a judicial sale of the property. Eason filed a pro se answer, denying the allegations of the complaint, asserting that the mortgage was invalid, and demanding a jury trial.
Bynon, conceding that his breach-of-contract claim on the promissory note was barred by the statute of limitations, voluntarily dismissed Count I of the complaint. The circuit court concluded that the remaining four counts of the complaint presented only equitable issues on which Eason had no right to a jury trial, and it, therefore, struck the jury demand. The circuit court ultimately entered a judgment in favor of Bynon, from which Eason appeals. This case is before us by transfer pursuant to § 12-2-7(6), Ala. Code 1975.
Mary Ellen Eason lives in the home place that she, her brother Leo, and her sister Elizabeth Eason Hardiman inherited from their parents. Ms. Eason is 75 years *Page 240 
old; she has a ninth-grade education. Her brother Leo (who is now deceased) had a third-grade education and could not read or write.
In 1988, Leo was charged with murder. Bynon, a lawyer, agreed with Leo to defend him in the criminal prosecution for a fee of $25,000. Leo agreed to sign a $25,000 note, to be secured by a real-estate mortgage on the home place he owned with his sisters. At trial, Bynon introduced a note and a mortgage, dated December 7, 1988, both purportedly signed by Mary Ellen Eason and Leo Eason and acknowledged by Shirley A. Franklin, a notary public.
Ms. Eason testified that, on December 7, 1988, Bynon came to her home and drove her to the county jail, telling her that they were going to "get [her brother] out on bond." According to Ms. Eason, four people were present on that occasion: Ms. Eason; her brother Leo; Bynon; and the bail bondsman, a Mr. King. She testified that Bynon handed the bondsman $1,000 and then had her and her brother sign some papers that Bynon said were "bond papers." Ms. Eason testified that Bynon did not tell her she was signing a note and a mortgage. She said that she "didn't even know what a mortgage note [was]." She admitted that she did not read the documents before signing them.
At trial, Ms. Eason was shown a copy of the note and the mortgage, and she acknowledged that the signatures were hers. However, she denied knowing the contents of the documents, denied signing them before a notary, and denied talking to anyone named "Shirley A. Franklin."
Bynon testified that Shirley A. Franklin was his secretary in 1988, that she was a notary, and that her acknowledgment appears on the note and the mortgage. When he was asked whether Ms. Franklin was present at the jail when the mortgage was executed, Bynon replied, "I don't recall where that was signed." Bynon also did not recall who was present at the signing of the documents. When confronted with Ms. Eason's testimony that she had "never signed any documents before a notary public," Bynon responded that he had "never lied to anybody while [he had] been practicing law."
Rule 38(a), Ala.R.Civ.P., states:
 "The right of trial by jury as declared by the Constitution of Alabama or as given by a statute of the State shall be preserved to the parties inviolate."
In Ex parte Reynolds, 447 So.2d 701 (Ala. 1984), our supreme court stated:
 "[The] right to a jury trial of legal issues is expressly reserved by Rule 38(a), [Ala R.Civ. P.]. . . . It is for the trial court to determine the equitable issues, and for the jury to determine any remaining legal issues. Poston v. Gaddis, 335 So.2d 165
(Ala.Civ.App.), cert. denied, 335 So.2d 169 (Ala. 1976), later appeal, 372 So.2d 1099 (Ala. 1979). Should there be any doubt about whether a particular issue is of a sort triable to a jury, the question should be resolved in favor of a jury trial."
447 So.2d at 703 (citation omitted).
In Ex parte Western Ry. of Alabama, 283 Ala. 6, 12, 214 So.2d 284, 289
(1968), our supreme court explained:
 "Ordinarily, the right to a jury trial is determined by the cause of action stated rather than by the defenses interposed, and generally speaking whenever, in an action at law, a defense is interposed which raises a disputed question of fact, a jury trial is a matter of right."
In the present case, Eason asserted as a defense that the mortgage was invalid because of fraud by Bynon and a violation of legal duty by the notary. If a notary public does not witness the signatures *Page 241 
of the mortgagors, is not in the place where the mortgagors sign the mortgage, does not see or speak to the mortgagors when they sign the mortgage, and the mortgagors do not acknowledge to the notary that they executed the mortgage, the mortgage is invalid and the notary's act of signing his name and affixing his notarial seal to the mortgage is a violation of his legal duty. Butler v. Olshan, 280 Ala. 181,191 So.2d 7 (1966). See also Constantine v.United States Fidelity Guar. Co., 545 So.2d 750 (Ala. 1989); Higginsv. Pacesetter Corp., 694 So.2d 1265 (Ala.Civ.App. 1996); FirstBank of Childersburg v. Florey, 676 So.2d 324 (Ala.Civ.App. 1996).
 "The holding in Beacon Theaters [, Inc. v. Westover, 359 U.S. 500, 510-11 (1959),] was that where both legal and equitable issues are presented in a single case, `only under the most imperative circumstances, . . . can the right to a jury trial of legal issues be lost through prior determination of equitable claims.' That holding, of course, applies whether the trial judge chooses to characterize the legal issue presented as `incidental' to equitable issues or not."
Dairy Queen, Inc. v. Wood, 369 U.S. 469, 472 (1962). Although DairyQueen, Inc. v. Wood construed the Seventh Amendment to the United States Constitution, Alabama cases have held that the Seventh Amendment is not materially different from Article I, § 11 of the Alabama Constitution. See, e.g., Poston v. Gaddis, 335 So.2d 165 (Ala.Civ.App.), cert. denied, 335 So.2d 169 (Ala. 1976). Both constitutional provisions preserve the right to jury trial as it existed at common law when the provisions were ratified. Id.
Eason's defense presented disputed questions of fact that she was entitled to have a jury resolve. The defense did not require a mere application of the law to undisputed facts. Compare Crommelin v. Fain,403 So.2d 177, 185 (Ala. 1981) (holding that a jury demand was properly denied when a claim, although "couched in terms of breach of contract," presented no disputed issues of fact and was thus properly determined as a matter of law). Eason's defense raised the pivotal question in the case: the validity of the mortgage. Cf. Pugh v. Calloway, 295 Ala. 139,325 So.2d 135 (1976) (holding that when plaintiff sought to enjoin defendant from going on land, the "pivotal question" in the case was the ownership of the land and the defendant was entitled to a jury trial of that issue, notwithstanding the plaintiff's request for equitable relief). In the present case, the resolution of the equitable issue (whether the trial court should reform the legal description in the mortgage) was necessarily dependent on the resolution of the legal issue (whether the mortgage was valid).
The judgment of the circuit court is reversed, and the cause is remanded.
REVERSED AND REMANDED.
Robertson, P.J., and Yates and Thompson, JJ., concur.
Monroe, J., concurs in the result.