(133 So. 275)

### JONES v. WRIGHT et al.

### 6 Div. 718.

Supreme Court of Alabama.

March 26, 1931.

See, also, 220 Ala. 406, 125 So. 645.

Harsh & Harsh, of Birmingham, for appellant.

J. Wiley Logan, of Birmingham, for appellees.

SAYRE, J.

Appellees Wright and Hails brought their statutory action of ejectment against one Vandeford. Appellant intervened as Vandeford's landlord, as provided by section 7458 of the Code, and thereby became the sole party defendant. On said defendant's motion that she had a defense which was available to her in a court of equity only, the action was transferred to the equity side of the court. And then appellant, proceeding according to section 6490 of the Code, filed her plea setting forth her equitable title, thereby becoming, in effect, complainant on the equity side of the court. Cornelius v. Moore, 208 Ala. 237, 94

So. 57. Defendants in the bill thus constituted demurred, their demurrer was sustained, and this appeal raises the question whether that ruling was correctly made.

Appellant's plea became in effect a bill in equity, and is to be judged on its merit as such.

The bill avers, to state its substance as briefly as may be, that G. R. Harsh purchased the Mountain Lake & Amusement Company's property at a sale under execution against that company December 2, 1918, and that Harsh conveyed to appellant March 31, 1925. Prior to the sale under execution, viz. May 13, 1911, the amusement company had executed and delivered to W. E. Thomas, trustee, a mortgage deed of trust to secure the sum of $7,000, payable to appellees in this cause. The further averment is that these appellees combined to create the amusement company in order to cover a partnership or joint adventure between themselves, and did resort "to the fraud of pretending to pay the (their) subscription to the whole capital stock of said corporation by means of transferring said real estate," the real estate here in suit, "to said corporation encumbered, or fraudulently agreed to be encumbered, by said mortgage and deed of trust, which real estate was then of greatly less value than the amount of said deed of trust and of said subsequent mortgage executed in lieu of said deed of trust." The further averment is that the land with which appellees thus dealt was of value greatly less than the amount purporting to be secured by the deed of trust and mortgage, and that the mortgage, which had been foreclosed and conveyance thereunder made to appellees, had been "executed with the fraudulent purpose of protecting themselves (appellees, mortgagees) against any judgment or judgments which might thereafter be rendered against said corporation * * * which protection they fraudulently contemplated would be secured to them by means of a foreclosure," knowing that the amount purporting to be secured thereby was greater than the value of the real estate, for which real estate "they conspired together to fraudulently pretend to pay the full amount of the whole subscription to all the capital stock of said corporation," and did cause a fraudulent foreclosure of the mortgage deed of trust. The mortgage deed of trust was foreclosed November 7, 1921, appellees becoming the purchasers, and the title upon which they rely in their action of ejectment rests upon a deed made in pursuance of that foreclosure.

If it be that the demurrer to appellant's amended bill, setting up the facts which have been here stated, was sustained on the theory that such ruling was in accord with the opinion in Claflin v. Mess, 30 N. J. Eq. 211, quoted in part in Elyton Land Co. v. Iron City Bot-

tling Works, 109 Ala. 606, 607, 20 So. 51, it must be noted that the question there stated was left for future decision, though the intimation seems to be that the rule of the New Jersey case would then be approved. That rule is that a subsequent creditor may impeach a voluntary deed simply on the ground that it was made with intent to defraud existing creditors. The court, to its statement of the foregoing rule, adding: "But, in such a case, in order to establish a good title to relief, he must show that, at the time of the commencement of his suit, there were debts still outstanding which the grantor owed at the time he made the deed, otherwise no foundation is laid for avoiding it as a fraud upon antecedent creditors, for if the grantor has paid all his debts incurred prior to the conveyance, that fact fully repels all idea of fraud as to them." But in Cramer v. Reford, 2 C. E. Green (17 N. J. Eq.) 367, 90 Am. Dec. 594, the New Jersey court ruled that a conveyance, in view of future indebtedness on the part of the grantor and with intent to place his property beyond the reach of his creditors, in case the business in which he was about to embark should be unsuccessful, was fraudulent as against creditors, and would be set aside by the court, citing Reade v. Livingston, 3 Johns. Ch. (N. Y.) 500, 8 Am. Dec. 520, and Beeckman v. Montgomery, 1 McCart. (14 N. J. Eq.) 106, 80 Am. Dec. 229. And in 12 R. C. L. p. 495, it is said that "a conveyance with specific intent to defraud subsequent creditors is unquestionably void as to them, though the grantor was not indebted at all at the time of the conveyance, and a voluntary conveyance made in contemplation of future debts will be set aside as fraudulent against such creditors. The existence of a consideration for the conveyance, if an actual intent to defraud be established, will not make it valid. It is not necessary, however, that the fraud should have been directed against any particular person. The prevailing opinion is that if it be shown that there was mala fides or fraud in fact, in the transaction, whether the actual fraudulent intent relates to existing creditors, or is directed exclusively against subsequent creditors, the effect is precisely the same, and subsequent creditors may, on the strength of such fraud, successfully impeach the conveyance." We have quoted the foregoing as a comprehensive statement of the rule of general observance. In Gilliland v. Fenn, 90 Ala. 233, 8 So. 15, 16, 9 L. R. A. 413, citing Stiles v. Lightfoot, 26 Ala. 443; 3 Brick. Dig. 515, § 119 (to which may be added McCrory v. Donald, 192 Ala. 312, 68 So. 306; Allen v. Pierce, 163 Ala. 612, 50 So. 924, 136 Am. St. Rep. 92;

Christian & Craft Grocery Co. v. Michael, 121 Ala. 84, 25 So. 571, 77 Am. St. Rep. 30; Elliott v. Horn, 10 Ala. 348, 44 Am. Dec. 488; and other adjudications by this court), it is said that "our decisions uniformly hold also that a mere voluntary conveyance, unaffected with actual fraud, is valid as to subsequent creditors. But if actual fraud—mala fides, or fraud in fact—is shown, whether directed against existing or subsequent creditors, either class can successfully impeach and defeat such conveyance, so far as it may affect the right to the satisfaction of their lawful debts or demands as creditors of the fraudulent grantor."

Under the averments of the bill, the corporation, the stock of which was owned by Wright and Hails, who put nothing of value into it, cannot in equity withstand the attack of the creditors of the individual stockholders. Christian & Craft Grocery Co. v. Fruitdale Lumber Co., 121 Ala. 341, 25 So. 566; Moore & Handley Hardware Co. v. Towers Hardware Co., 87 Ala. 206, 6 So. 41, 13 Am. St. Rep. 23.

The burden of defense is rested upon the fact that more than ten years elapsed between the fraud complained of and the filing of the plea, the bill in equity, in this cause. This argument assumes that the statute of limitations, or the duty to file her bill if she would avoid the deed of trust executed to appellees by the amusement company, began to run against appellant from the date of that deed. But the duty to move on the part of appellant in the matter of setting aside the transaction of which she complains did not arise as long as appellant was in possession. Butt v. McAlpine, 167 Ala. 521, 52 So. 420. Appellees' action of ejectment proceeds on the theory that the premises in suit were at the time of suit brought and now are in the possession of appellant. Nor is it made to appear at what time, if ever, before appellees brought their action of ejectment, appellant was under duty to vindicate her claim of title by proceeding against appellees. The fact that appellees have sued in ejectment cannot, we think, be ignored by them or by the court in considering the issue as to laches or the statute of limitations now raised by them.

Our judgment is that the decree sustaining the demurrer to appellant's bill was laid in error, and that the court also erred in retransferring the cause to its law docket.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.