90 So.2d 778

John **TAYLOR**

v.

**J. B. GRAY and T. J. (Jet) Langley,**
**as Trustees.**

**5 Div. 607.**

Supreme Court of Alabama.

Nov. 15, 1956.

**280**

Paul J. Hooton, Roanoke, for appellant.

D. T. Ware, Roanoke, for appellees.

SPANN, Justice.

This is an appeal from a decree overruling respondent's demurrer to a bill in equity.

The bill alleges that the legal title to the land in question is vested in the complainants as trustees for Township 21, Range 11, Randolph County, Alabama; that said title was obtained by warranty deed in the year 1895, a copy of said deed being attached to and made a part of the bill. The deed stated the purpose for which the land was conveyed as follows:

"* * * to erect a building on to be used by the citizens of beat 9, Randolph County, Alabama, for the purpose of holding court and elections in and for said beat 9. Also the patrons of Forester's Chaple School are to have full access to said building for school purposes. * * *"

The bill further alleges that the land was used for the purposes recited in the deed until a "few years ago"; that the respondent, John Taylor, wrongfully went into possession of the building located on the land and is unlawfully holding possession of said building and said premises; that the respondent has no title to said property and has paid no taxes on the same and it is "public property." It is further alleged that respondent has failed and refused, after demand being made, to surrender possession of said property. The prayer is for a decree declaring legal title to the lands to be in complainants as trustees of Township 21; that respondent has no right to possession of said land; and that the respondent be ordered to immediately remove himself and all of his property from said land; and for general relief.

Appellant's demurrer attacks the sufficiency of the bill as one to quiet title on the ground that possession is alleged to be in respondent.

Title 7, § 1109, Code 1940, provides:

"When any person is in peaceable possession of lands, whether actual or constructive, claiming to own the same, in his own right or as personal representative or guardian, and his title thereto, or any part thereof, is denied or disputed, or any other person claims or is reputed to own the same, or any part thereof, or any interest therein, or to hold any lien or encumbrance thereon, and no suit is pending to enforce or test the validity of such title, claim or encumbrance, such person or his personal representative or guardian, so in possession, may bring and maintain a suit in equity to settle the title to such lands, and to clear up all doubts or disputes concerning the same."

■ Independent of the above statute, equity courts have jurisdiction to cancel and remove a specifically described cloud upon complainant's title, where the owner is in possession and where the evidence of the alleged cloud is not void on its face, and extrinsic evidence is necessary to show its invalidity. May v. Granger, 224 Ala. 208, 139 So. 569; King Lumber Co. v. Spragner, 176 Ala. 564, 58 So. 920; Joiner v. Glover, 201 Ala. 279, 78 So. 55; Bank of Henry v. Elkins, 165 Ala. 628, 51 So. 821.

■ Possession is necessary on behalf of complainant to quiet title no matter if statutory or original jurisdiction of court of equity is exercised, except that a remainderman not in possession, and with no right to the immediate possession, may maintain a bill to remove a cloud from his remainder interest. Teal v. Mixon, 233 Ala. 23, 169 So. 477. Of course, this exception has no application here.

■ We consider, therefore, the bill is not sufficient to quiet title.

The sufficiency of the bill is further challenged by appellant's demurrer on the ground that it is an action in ejectment for the recovery of land and that such an action will not lie in equity. A review of the bill shows the following:

1. The legal title to the land is vested in the complainants and the property is sufficiently described.

2. The respondent entered upon the land and is now unlawfully holding and detaining the same.

■ It thus appears that the bill contains the necessary allegations for a suit under statutory ejectment. Title 7, § 938, Code of Alabama 1940. Of course, it requires no citation of authorities to say that such a suit is a legal cause of action and will not lie in equity.

It is stated in appellees' brief that "This case comes within the scope of Title 7— Paragraph 156 et seq.—which is the 'De-

claratory Judgment Law'."; and that "Complainants, Appellees, are asking that the deed be construed according to the intention of the parties."

In Curjel v. Ash, 261 Ala. 42, 72 So.2d 732, 734, we said:

"We recognize that 'a demurrer is rarely appropriate in a declaratory judgment action'. Anderson, Declaratory Judgments, 2d Ed., § 318, p. 743. And that 'ordinarily where the bill for a declaratory judgment shows a bona fide justiciable controversy which should be settled, the demurrer thereto should be overruled and a declaration of rights made and entered only after answer and on such evidence as the parties may deem proper to introduce on submission for final decree.' City of Bessemer v. Bessemer Theatres, 252 Ala. 117, 120, 39 So.2d 658, 660; Alabama State Milk Control Board v. Graham, 250 Ala. 49, 54, 33 So.2d 11, 15; As thus stated in the last-cited case:

" '* * * Of course there must be a bona fide justiciable controversy and where no bona fide justiciable controversy is alleged, the demurrer should be sustained. Bagwell v. Woodward Iron Co., 236 Ala. 668, 184 So. 692. But the test of the sufficiency of a complaint in a declaratory judgment proceeding is not whether the complaint shows that the plaintiff will succeed in getting a declaration of rights in accordance with his theory and contention but whether he is entitled to a declaration of rights at all. Accordingly if he states the substance of a bona fide justiciable controversy, which should be settled, he states a cause of action for declaratory judgment. In this situation the demurrer should be overruled and after answer a declaration of rights should be entered.' "

■ However, nowhere in the bill is it alleged that respondent claims any right, title or interest in the land; nor is it alleged

**282**

that the respondent denies the validity of complainants' title or their right to possession. There are no facts alleged to show a necessity for a construction of complainants' deed. Laying aside the question of whether or not the bill could be amended to give it equity, Wolff v. Woodruff, 258 Ala. 1, 61 So.2d 69(16), Love v. Rennie, 254 Ala. 382, 389, 48 So.2d 458, we consider that the bill in its present form does not sufficiently show a justiciable controversy.

We are clear to the conclusion, therefore, that appellant's ground of demurrer taking the point that the bill does not contain equity is well taken.

Accordingly, the decree overruling the demurrer is due to be and is reversed and one will be rendered here sustaining the demurrer.

Reversed, rendered and remanded.

SIMPSON, GOODWYN and MERRILL, JJ., concur.