159 So.2d 840

**T. E. BONNER**

v.

**Isaac A. JOHNSON et al.**

6 Div. 18.

Supreme Court of Alabama.

Jan. 16, 1964.

**138**

Phil Joiner, Birmingham, for appellant.

F. Bozeman Daniel, Birmingham, for appellee.

SIMPSON, Justice.

Appellant filed a bill in equity against Isaac A. Johnson and F. Bozeman Daniel seeking to quiet title in himself of a certain lot of land located in Jefferson County.

Appellant claimed ownership of the property, alleging that he had obtained legal title through a tax sale and tax deed from the State Land Commissioner. He further alleged that he was in quiet and peaceable possession of the property involved. The bill alleged further the appellee Daniel was the holder of a mortgage on the property executed by appellee Johnson prior to the tax deed and sought a decree of the court allowing complainant to pay off such indebtedness as remained due under the mortgage. The bill further alleged that complainant was the record owner of certain judgments against appellee Johnson and as such contended he had a right to pay off the aforesaid mortgage indebtedness.

Appellee Daniel by answer and cross-bill denied that complainant-appellant was in possession of the property involved and denied the right of appellant to have title quieted in himself and as mortgagee sought to redeem the property from the tax sale and offered to pay to complainant the amount of taxes involved plus interest and to further pay to complainant the amount of any recorded judgments which complainant owned and which constituted a lien on the property involved.

Respondent-appellee Isaac Johnson filed an answer in which he alleged that he was the owner of the property involved by virtue of a warranty deed executed in 1952, admitted that appellee Daniel held a mortgage on the property and asked that he be dismissed as a party respondent to the bill and that his mortgagee be authorized to redeem the property from the tax claim held by complainant-appellant.

The case was heard ore tenus and the court found that the complainant failed to prove possession in himself of the property described in the bill and found as a matter of fact that respondent Isaac Johnson was in possession of the property. The court further found that Isaac Johnson by his answer to the original bill waived his right of redemption from appellant's tax sale and authorized redemption by the appellee Daniel, whom the court found to be the mortgagee of the property.

The court dismissed that aspect of the bill seeking a decree quieting title in complainant and entered a decree allowing appellee Daniel to redeem from the complainant's tax sale upon payment of the necessary sums (which the register was directed to determine) and further directing appellee Daniel to satisfy complainant's judgment against Isaac Johnson.

■ From this decree complainant has appealed. Assigned as error is the court's failure to quiet title in appellant. The several assignments dealing with this aspect of the decree are without merit. It is axiomatic that a complainant to prevail in a bill to quiet title must allege and prove peaceable possession in himself of the subject property. Taylor v. Gray, 265 Ala. 279, 90 So.2d 778; Family Land & Inv. Co. v. Williams, 273 Ala. 273, 138 So.2d 696. Notice by the purchaser at a tax sale to the tenant of the owner does not divest the owner of possession. Bell v. Propst, 220 Ala. 641, 127 So. 212.

■ Appellant further complains of that portion of the decree allowing appellee Daniel to redeem the property from tax

sale. There is no error here. A mortgagee may redeem, from a tax sale, property upon which he holds a mortgage. Title 51, § 303, Code of Ala.1940.

■ The only other assignment of error concerns the court's failure to determine that appellant is entitled to rents collected on the property during the time when his tax title was outstanding, although no specific relief in this regard was prayed in complainant's bill. However, the court did not err in this regard, since the appellant as holder of the tax deed, having failed to prove that he ever had possession of the property, necessarily failed to show himself entitled to the rents collected. Title 51, § 314, Code of Ala.1940.

We find no error in the rulings below.

Affirmed.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.