236 So.2d 326

### Ex parte Lonzo W. KELLEY

v.

### Telfair J. MASHBURN, as Judge, etc.

1 Div. 621.

Supreme Court of Alabama.

May 28, 1970.

8

J. B. Blackburn, Bay Minette, for respondent.

Wilters & Brantley, Bay Minette, for petitioner.

MERRILL, Justice.

This is an original mandamus proceeding in this court to require the circuit court to set aside its order striking petitioner's de-

mand for a jury trial and to require that court to restore the cause to the law side of the court.

Petitioner, plaintiff below, filed an ejectment suit against the City of Bay Minette and demanded a trial by jury. The defendant City filed a petition to transfer the cause to equity, alleging that paving assessments had been made against the property of plaintiff; that it had liens for these assessments, and that the cause should be transferred to equity for the purpose of enforcing the liens.

The cause was transferred on September 5, 1969, and defendant filed its bill of complaint on October 1, 1969, alleging that plaintiff had filed his ejectment suit, that the property sued for was part of a public highway and had been in existence for many years; and that it had the above-mentioned liens and sought enforcement of them. The next day, plaintiff filed his appearance and demanded a trial by jury. On October 6, he filed an answer alleging that agents of the defendant City, over his protest, entered on his property and widened a road or street, that after a survey and abstract of his property, he filed the suit in ejectment, and that the property involved had not been condemned, had not been deeded to the City and had not been dedicated.

The City moved that the jury demand be stricken and on February 9, 1970, the motion was granted. On that same day, petitioner, original plaintiff below, filed a petition in this court for a writ of mandamus to require the trial court to vacate the order of February 9.

On March 4, 1970, this court entered an order directed to the trial court requiring it to set aside its order of February 9 and restore the cause to the jury docket or appear and show cause why the peremptory writ of mandamus should not issue.

A demurrer and an answer to the petition was filed in behalf of the trial court, and petitioner filed a replication, none of which changed the facts or the question to be decided.

■ Ejectment is a favored action for the trial of title to land. McCormick v. McCormick, 221 Ala. 606, 130 So. 226.

■ Ejectment was known to the common law, Betz v. Mullin, 62 Ala. 365, and it seems implicit that the right to trial by jury is preserved in causes known to the common law in Section 11, Constitution of Alabama 1901. City of Mobile v. Gulf Development Co., 277 Ala. 431, 171 So.2d 247.

■ Equity will not take jurisdiction as a substitute for an action of ejectment. While there is no want of power in a court of equity to determine title to lands, it must decline jurisdiction where the remedy at law is complete and adequate, or where its jurisdiction is invoked as a substitute for an action of ejectment. Perry v. Warnock, 246 Ala. 470, 20 So.2d 867; Miller v. Gaston, 212 Ala. 519, 103 So. 541; Hillens v. Brinsfield, 108 Ala. 605, 18 So. 604.

■ Here, petitioner, the original plaintiff in ejectment, has made out a case. He alleges that he is the owner of the property but the defendant is operating a road over it and has possession. Title to the property must be determined before any claim for paving assessments become involved.

The trial court erred in transferring the cause to equity over plaintiff's objection, when the transfer meant the loss of trial by jury. The writ should be granted.

■ We are not to be understood as holding that a suit in ejectment can never be transferred to equity. In Randolph v. Randolph, 245 Ala. 689, 18 So.2d 555, an ejectment suit was transferred to equity by agreement of the parties, and in Jones v. Wright, 222 Ala. 530, 133 So. 275, the ejectment suit was transferred to equity because the defendant's defense would be available in equity only.

Here, the plaintiff in ejectment objected to the transfer and the matter of the de-

**10**

fendant's pavement assessment liens would not become operative until title to the property was determined.

Writ granted.

LIVINGSTON, C. J., and LAWSON, HARWOOD, and MADDOX, JJ., concur.