Willie James Lee and Annie Mae Lee brought a statutory action in the nature of ejectment against James Jefferson to recover possession of the following described property, to-wit:
 "The Northeast Quarter (NE 1/4 of the Southeast Quarter (SE 1/4) of Section 32, Township 15 North, Range 17 East, Montgomery County, Alabama, less and except the following property deeded to James Jefferson:
 "Commence at the NW corner of the NE 1/4 of the SE 1/4 of Section 32, Township 15 N, Range 17 E. Thence east a distance of 274.0 feet to the `point of beginning,' thence south a distance of 100.0 feet; thence west a distance of 100.0 feet; thence north a distance of 100.0 feet back to the `point of beginning.'"
In the same action, the Lees stated a second claim against Jefferson for trespass and sought a permanent injunction against him regarding the latter. The Lees appeal from an adverse judgment as to both. We need consider only the ejectment aspect of this appeal in order to dispose of it.
In prior litigation, James Jefferson was awarded the following described property by judgment of 14 May 1980:
 "It is further ORDERED, ADJUDGED AND DECREED by the Court that the property described as follows:
 To reach the point of beginning, begin at the Northwest corner of the Northeast Quarter of the Southeast Quarter of Section 32, Township 15 North, Range 17 East, thence East along the North line of said Northeast Quarter of said Southeast Quarter a distance of 274 feet, more or less, and from point of beginning, continue East along said line a distance of 100 feet, thence south 100 feet to a point, thence West 100 feet to a point, thence North to the point of beginning. Said property fronting 100 feet on Henderson Road, which runs East and West along the North line of said Northeast Quarter of the southeast Quarter of Section 32, Township 15 North, Range 17 East,
 be and here is set aside to Defendant James Jefferson upon the payment of $375.00 and the Clerk is to execute a deed conveying the interest of all the parties hereto to James Jefferson."
The action we deal with in this opinion was filed by the Lees on 19 December 1980, tried, and the judgment that followed was entered on 4 March 1982:
 "This matter having come before the Court on Plaintiff's Complaint, inter alia, to recover certain property and the Court after considering the testimony and evidence aduced at trial, is of the opinion and so finds that the defendant is the lawful owner of the following property:
 "To reach the point of beginning as described in a warranty deed recorded in Real Property Book 295 Page 350 in the office of The Judge of Probate, Montgomery County, Alabama, commence at the northwest corner of the northeast quarter of the southeast quarter of section 32, T15N, R17E, Montgomery, County, Alabama; thence run east along the North line of said northeast quarter of said southeast quarter a distance of 274 feet more or less to the point of beginning; said point of beginning being an iron marker on the south side of Henderson (McLean) Road; thence continue along said quarter — quarter line, S 86° 30' E, 99.9 feet to an iron marker; thence S 16° 55' W, 100.20 feet to an iron marker; thence N 86° 30' W, 99.9 feet to an iron marker; thence N 16° 55' E, 100.0 feet to the point of beginning.
 "Said property lying in a portion of the Northeast quarter of the southeast quarter of section 32, T15N, R17 E, Montgomery County, Alabama and contains 0.223 acres more or less.
 "The Clerk of the Court is instructed to prepare and issue a deed conveying to the *Page 1242 
defendant title to the above described property."
As is patent from the description in the 4 March 1982 judgment, Jefferson was awarded a parcel of land other than that awarded him by the judgment of 14 May 1980, apparently applying equitable principles in this statutory ejectment action. This was error.[1]
In this case the trial court empaneled an advisory jury while reserving the legal issues for its own determination. That jury, by an 8-4 margin, advised that Jefferson should be awarded the property encroached upon by the Lees and that he should be permitted to keep all improvements then situated on it.
In Alabama, ejectment is a favored action for the trial of title to land. Kelley v. Mashburn, 286 Ala. 7, 236 So.2d 326
(1970). This case, a statutory action in the nature of ejectment, § 6-6-280 (b), Code 1975, is mixed, in that it is inrem as to title and in personam insofar as damages sought for detention. Such action clearly calls for a legal determination, not an equitable one. Mid-State Homes, Inc. v. Butler, 287 Ala. 584, 253 So.2d 511 (1971); Lyons v. Taylor, 231 Ala. 600,166 So. 15 (1936). More precisely, if the plaintiff shows a superior legal title, absent any legal defenses, he must recover without regard to any equities between the parties.Blair v. Blair, 199 Ala. 480, 74 So. 947 (1917).
The overwhelming weight of the evidence in this case shows that the Lees hold superior title to the property in issue. On numerous occasions during the course of discovery, and later at trial, Jefferson admitted he owned only the specific 100 X 100 foot parcel of property awarded him by the judgment of 14 May 1980. Also undisputed is the fact the Lees owned the remaining portion of the 40-acre tract less and except the 100 X 100 foot lot owned by Jefferson.
The only question for the trier of fact in this case, regarding the ejectment issue, is whether Jefferson encroached upon any portion of property to which the Lees hold legal title.
Both parties introduced surveys which purport to indicate what property is owned by Jefferson. James B. Hunt, a licensed land surveyor with almost 25 years' experience, testified for plaintiffs. He prepared a plat of a survey that was introduced into evidence. It showed that some of the property occupied by Jefferson extended beyond the 100 X 100 foot lot deeded as a result of the 14 May 1980 judgment and encroached upon the Lees' property. Hunt further testified that in preparing the survey he followed the same legal description as set out in the 14 May 1980 judgment. Derrell Strickland, a civil engineer, testified on behalf of Jefferson. Strickland testified that he prepared a plat of a survey from information given to him by a field survey crew under his supervision, which plat located Jefferson's house on the lot shown by his plat. It showed that Jefferson's property did not encroach upon the Lees' property. However, Strickland admitted his survey did not purport to represent or follow the legal description set out in the 14 May 1980 judgment.
It is evident from the record that the trial court, in awarding Jefferson the property described in Strickland's plat, was simply making an equitable determination. As noted before, this was error. Moreover, no equitable issues were affirmatively asserted by Jefferson in this case, nor did he claim he owned any property other than the 100 X 100 foot lot awarded him by the 14 May 1980 judgment. Furthermore, the trial court erroneously instructed the advisory jury regarding the law on the ejectment issue.
Because there is conflicting evidence in the record, as to whether Jefferson now occupies that land contained within the legal description set out in the 1980 judgment, this court cannot decide as a matter of law that the Lees should prevail on their ejectment claim. Because of the trial court's erroneous determination regarding the ejectment claim, the issues of trespass and damages were never properly resolved. *Page 1243 
Therefore, we conclude that the judgment below is against the great weight of the evidence and must be and is hereby reversed and the case remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
FAULKNER and ALMON, JJ., concur.
TORBERT, C.J., and ADAMS, J., concur specially.
[EDITORS' NOTE: APPENDIX A IS ELECTRONICALLY NON-TRANSFERRABLE.] *Page 1244 
[EDITORS' NOTE: APPENDIX B IS ELECTRONICALLY NON-TRANSFERRABLE.]
[1] See appendix for plats of the properties described in this opinion.