MADDOX, Justice.
D. Pruitt Willis and Billie Gaye Willis filed this action against Thomas M. Karrh and Jackie Y. Karrh, alleging that the Karrhs were encroaching upon 2.07 acres of land owned by the Willises'. After all the evidence was presented at trial, the court granted the Willises’ motion for a directed verdict. The Karrhs appealed and now contend that this action was an equitable boundary line dispute and that the trial judge erred in directing a verdict for the Willises. The Willises maintain that this action was one for ejectment and that the trial court properly granted the motion for a directed verdict.
Ala.Code 1975, § 6-6-280(b), states:
“An action for the recovery of land or the possession thereof in the nature of an action in ejectment may be maintained without a statement of any lease or demise to the plaintiff or ouster by a casual or nominal ejector, and the complaint is sufficient if it alleges that the plaintiff was possessed of the premises or has legal title thereto, properly designating or describing them, and that the defendant entered thereupon and unlawfully withholds and detains the same.”
The Willises’ complaint in this case stated in part:
“2. Plaintiffs own and are in possession of the North Half of the North Half of the Southwest Quarter of Section 12, Township 18, Range 15, Autauga County, Alabama, more fully described in that deed from Rosetta T. Yarbrough dated 26th day of October, 1984 and recorded in the Office of the Judge of Probate of Autauga County, Alabama in RLPY Book 68 at page 400, a copy attached herewith as Exhibit ‘A’.
“5. Defendants are encroaching on the Plaintiffs’ land and they have acquired and fenced some 2.07 acres which they claim to be a fence line as shown by the attached exhibit and now claim that this fence is the boundary line and thereby [have] created a dispute as to the actual and true boundary line. Plaintiffs and Plaintiffs’ predecessor in title have demanded of the Defendants that they remove their fence and [refrain] from further trespass upon Plaintiffs[’] land....
“WHEREFORE, the premises considered, the Plaintiffs demand judgment against the Defendants as follows:
“(a) That the Court will find and enter a judgment that the survey line between Plaintiff and Defendant, as surveyed by Larry E. Speaks, is the true and correct line. Will cause the line to be permanently marked and made a judicial line according to law.
“(b) That the Defendants will be ordered and required by the Court to remove their fence and will be enjoined from further trespass on the Plaintiffs’ land and from further [interference] with the Plaintiffs’ use and enjoyment of their property.”
The Karrhs contend that the Willises’ complaint states only an equitable action for determination of a boundary line. We are of the opinion that the above quoted portions of the complaint, while not perfectly drafted, do meet the requirements of § 6-6-280(b) and state a cause of action for ejectment.
Ejectment is a favored action for the trial of title to land. Lee v. Jefferson, 435 So.2d 1240, 1242 (Ala.1983); Kelley v. Mashburn, 286 Ala. 7, 9, 236 So.2d 326, 327 (1970). An action under § 6-6-280(b) clearly calls for a legal determination, not an equitable one. Lee, 435 So.2d at 1242. Equity can determine title to lands, but it must decline jurisdiction where the remedy at law is complete and adequate or where its jurisdiction is invoked as a substitute for an action of ejectment. Kelley, 286 Ala. at 9, 236 So.2d at 328.
*923 In this case, the Willises sufficiently alleged an action of ejectment under § 6-6-280(b). The Karrhs even requested a jury trial, as they were entitled to do in an action of ejectment. At trial, the Karrhs produced no evidence that they had any color of title to the 2.07 acres; it is undisputed that the Karrhs’ deed did not include the 2.07 acres in question and that the fence did not follow any established line contained in the deeds of either party. The Karrhs claimed the 2.07 acres by adverse possession, yet they admitted that they had offered to buy the land in 1982 or 1983 from the Willises’ predecessor in title.
Section 6-6-285 provides for a defendant in an ejectment action to suggest that the action arises over a disputed boundary line, “in which suggestion he shall describe the location of the true line....” The Karrhs never provided a description of the line that they claim is the true line. The evidence at trial showed that the fence in question had not always been in the same location. On appeal, the Karrhs contend that the case should not be governed by § 6-6-285; thus, they do not claim to have provided the trial court with a description of the true line other than that they wanted the fence to be the line. Further, in their Rule 59, A.R.Civ.P., motion, the Karrhs did not point out to the trial judge how his granting of the Willises’ motion for directed verdict was in error. The only error assigned in that Rule 59 motion was: “The court committed error when it granted the Plaintiffs’ motion for directed verdict and said error was plainly and palpably erroneous.” Failure to point out to the trial court how the directed verdict is contrary to the law means that that ground is not preserved for review on appeal. Mauldin v. Mount Hebron United Methodist Church of Ala.-Fla. West Conf., 289 Ala. 493, 495, 268 So.2d 770, 772 (1972).
Because this action was properly treated as an action in the nature of an ejectment under § 6-6-280(b) and because the Karrhs presented no evidence that they had title to the 2.07 acres in question, the trial court did not err in granting the Willises’ motion for a directed verdict.
For the above reasons, the judgment of the trial court based on the directed verdict is affirmed.
AFFIRMED.
HORNSBY, C.J., and ALMON, ADAMS and STEAGALL, JJ., concur.