STUART, Justice.
Van American Insurance Company and Clarendon National Insurance Company (hereinafter referred to collectively as “the sureties”), appealed, on behalf of themselves and Apex Coal Corporation (“Apex”), to the Walker Circuit Court from two orders issued by the Alabama Surface Mining Commission (“the Commission”) forfeiting the sureties’ bonds because Apex failed to reclaim properties it was responsible for reclaiming after conducting mining operations on the property. The sureties, on their behalf and on behalf of Apex, sought to have Gulf States Paper Corporation (“Gulf States”), the owner of the property, held responsible for reclaiming the property pursuant to § 9-16-95, Ala. Code 1975, the citizen’s action provision of the Alabama Surface Mining Control and Reclamation Act of 1981 (“ASMCRA”), codified at §§ 9-16-70 to -170, Ala.Code 1975. The Commission and Gulf States each filed a motion for a summary judgment as to both forfeiture orders and arguing that Apex and the sureties lacked standing to sue Gulf States pursuant to § 9-16-95, Ala.Code 1975. The circuit court granted the motions for a summary judgment. Apex and the sureties appealed to this Court. We transferred the appeal to the Court of Civil Appeals pursuant to § 12-2-7(6), Ala.Code 1975. The Court of Civil Appeals affirmed the trial court’s judgment. Apex Coal Corp. v. Alabama Surface Mining Comm’n, 843 So.2d 170 (Ala.Civ.App.2001). The sureties applied for rehearing; the Court of Civil Appeals *182 overruled the application. This Court granted certiorari review to determine whether the Court of Civil Appeals erred in affirming the circuit court’s summary-judgment order, which requires the sureties to pay the monetary amounts of the forfeited bonds and denies the sureties the right to perform the reclamation work in lieu of paying the amount of the bonds. We reverse and remand.
I.
Apex and Warco, Inc. (the predecessor corporation of Gulf States), entered into a mining-services contract in September 1985. In October 1985, Gulf States assumed Wareo’s rights and responsibilities under the contract. The Commission issued three mining permits to Apex for surface mining on land owned or leased by Gulf States. The 3 permits contained 14 mining areas or “increments,” requiring 14 bonds. The sureties posted the 14 performance bonds for the mining operations being performed by Apex, pursuant to the ASMCRA.
Apex ultimately did not comply with the reclamation requirements of the ASMC-RA. After taking certain intermediate steps that were unsuccessful in securing compliance, the Commission issued a “show cause” order to Apex and the sureties, requesting them to show cause why the bonds should not be forfeited as to two of the three permits.
The “show cause” orders issued by the Commission to Apex and the sureties pursuant to § 9 — 16—93(d), Ala.Code 1975, required Apex and the sureties to show cause why the permits should not be revoked and to provide the Commission with a reclamation plan. The orders gave Apex and the sureties a choice of paying the Commission the amount of the bonds within 30 days or submitting a reclamation plan.
The sureties, on behalf of themselves and Apex, filed a response and requested a hearing before the Commission’s division of hearings and appeals. They also filed a motion requesting that the Commission issue a “show cause” order to Gulf States. They argued that Gulf States was also liable for reclaiming the lands and that § 9-16-95, Ala.Code 1975, provided them with a cause of action against Gulf States. The Commission’s hearings division denied this request and entered orders revoking the two permits and ordering that the bonds be forfeited or, in the alternative, that Apex and/or the sureties submit to the Commission detailed reclamation plans. (The Commission also issued a “show cause” order as to the third permit. When Apex and the sureties did not respond to the show cause order, the Commission entered a default and ordered the bonds related to the permit forfeited.)
The sureties and Apex appealed the orders on the two permits to the full Commission pursuant to § 9 — 16—79(l)d., Ala. Code 1975. The Commission affirmed the hearing officer’s decisions in all respects. The Commission entered an order declaring the bonds forfeited and requiring Apex and the sureties to submit a detailed reclamation plan to the Commission for its approval. Apex and the sureties never submitted a reclamation plan.
The sureties, on behalf of themselves and Apex, appealed the orders of forfeiture as to the first two permits to the Walker Circuit Court naming as appellees the Commission and Gulf States. Apex never entered an appearance in its own behalf in the circuit court. The actions were consolidated for purposes of discovery. The Commission and Gulf States filed motions for a summary judgment, which the trial court granted, upholding the orders of forfeiture issued by the Commission. The trial court entered a mone *183 tary judgment on the bonds without allowing the sureties the opportunity to reclaim the property in question at their own expense in lieu of paying the amount of the bonds.
II.
On appeal, the sureties assert that they are entitled to reclaim the property in lieu of paying the amount of the bonds; therefore, they argue, the trial court erred in entering a money judgment in the amount of the bonds. They note that Alabama Surface Mining Commission Administrative Code, Rule 880-X-9E-02(3), provides that, in the event of default, the Commission “may allow the surety to complete the reclamation plan if the surety can demonstrate the ability to complete the reclamation plan.... ” This rule certainly allows the Commission to permit a surety to reclaim the property in lieu of paying the bond. We are also cognizant of § 9-16-79(11), which states: “[njothing in this article shall prevent the regulatory authority from making efforts to obtain voluntary compliance through warning, conference or any other appropriate means. However, nothing in this section shall be taken to negate the mandatory enforcement of Section 9-16-93.” While the statutory scheme certainly favors, it does not mandate, efforts to secure voluntary compliance with the ASMCRA requirements.
The sureties also rely on Rule 880-X-9E-.03(l)(c) of the Alabama Surface Mining Commission Administrative Code. That rule provides:
“In the event forfeiture of the bond is required by Rule 880-X-9E-.04, the State Regulatory Authority shall—
[[Image here]]
“(c) Proceed in an action for collection on the bond as provided by applicable laws for the collection of defaulted bonds or other debts, consistent with this Rule, for the amount forfeited, if an appeal is not filed within a time established by the State Regulatory Authority and a stay of collection issued by the hearing authority or such appeal is unsuccessful
[[Image here]]
(Emphasis added.) We agree that this rule prevents collection of the forfeited amounts while an appeal is pending, but we disagree with the position taken by the sureties that the rule gives the sureties the absolute right to reclaim the property in lieu of paying the amount of the bonds.
The Commission argues that Apex and the sureties forfeited their right to submit a reclamation plan for approval by the Commission and to reclaim the property as an alternative to paying the amount of the forfeited bonds. The Commission, relying upon Rule 54(c), Ala. R. Civ. P., and Massey v. Jackson, 726 So.2d 656, 659-60 (Ala.Civ.App.1998), asserts that the circuit court properly awarded a monetary judgment because in Alabama “every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in the party’s pleadings.” Rule 54(c).
The Commission also argues that because the sureties have resisted all demands of the Commission either for performance or for payment on the bonds, the sureties should be found either to have waived or to be estopped from asserting any purported “right” to elect to reclaim the property in lieu of paying the bonds. We sympathize with the Commission’s concern that the delay in obtaining satisfaction of these bonds makes a mockery of the public policy of this State favoring “the just, speedy and inexpensive determination of every action.” Rule 1(c), Ala. R. Civ. P. As a matter of law, however, we must disagree with the Commission.
*184 Absent a rule or statutory provision to the contrary, a party does not waive its rights by pursuing an appeal from an adverse ruling. Furthermore, the statutes governing the reclamation of mined properties prohibit the circuit court in an appeal from modifying the remedy established by the Commission, as we explain below. The Commission’s final order in this case, entered on April 19, 1996, provides:
“[S]aid Commission pursuant to Ala. Code § 9-16-79(3)(a) does hereby DENY said Petition for Review [filed by the sureties] and AFFIRMS the ORDER of the Hearing Officer rendered February 19,1996. ...”
The hearing officer’s order of February 19, 1996, provided, in pertinent part:
“IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that:
“A. Permit P-3563 is due to be and is hereby REVOKED.
“B. Permit P-3563 is due to be and is hereby declared FORFEITED.
“C. Bonds for permit P-3563 totaling $391,857 were issued by Van American Insurance Company and Clarendon National Insurance Company for which demand is made and the surety company shall make payment to the Commission within 30 days or submit a detailed reclamation timetable outlining the immediate steps for reclamation of the area subject to the approval of the Commission.
“D. Should the surety pay over the bonds they shall be transferred to the Alabama Surface Mining Fund and designated for the reclamation of permit P-3563. ...”
Similar language was used in the order addressing permit P-3564.
The Commission’s final order affirmed the hearing officer’s order, which provided, alternatively, that the sureties pay the amount of the bonds or submit a detailed reclamation timetable outlining the immediate steps for reclamation of the area, subject to the Commission’s approval. As we have stated, the Commission was not required by regulation or statute to allow such an alternative; however, it was permitted to and apparently chose to do so.
The circuit court, in its summary-judgment order, modified the Commission’s order to require the sureties to pay the amount of the forfeited bonds. The court’s order states:
“THEREFORE, it is ORDERED, ADJUDGED AND DECREED AS FOLLOWS:
“1. The administrative orders declaring forfeited the several Clarendon reclamation bonds are affirmed. Judgment thereon is awarded to [the Commission] in the amount of $746,740.00 as follows:
“[amount by bond number omitted]
“2. Judgment is hereby entered in favor of Gulf States with respect to all claims against it by the bonding companies.
“3. This order represents a final judgment by the Court as to all claims pending in civil actions numbered CV 96-404 and CV 96-773....”
The ASMCRA sets forth the procedure for appeals of the Commission’s actions. Section 9-16-79(6), Ala.Code 1975, specifically provides:
“(6) The cause shall be tried de novo in said circuit court and shall be a preference case on the docket thereof. The court shall have jurisdiction to determine the reasonableness and lawfulness of the order of the regulatory authority. Upon a finding by the court that the order is not reasonable or lawful, or not supported by the clear preponderance of the evidence, the cause shall be remand *185 ed to the regulatory authority for farther proceedings in accordance with the provisions of this article. The parties shall have all rights of exception and appeal as in other equity cases.”
(Emphasis added.)
Pursuant to § 9-16-79(6), the circuit court has jurisdiction only to determine the reasonableness and lawfulness of the order issued by the regulatory agency. By its language, the trial court’s order indicates that it did not find the Commission’s order unreasonable or unlawful. However, even if the trial court had found the Commission’s order to be unreasonable or unlawful it had no authority to modify it. The court’s only statutory remedy was to remand the cases to the Commission for the Commission to enter an order that was reasonable and that comported with the law.
III.
In summary, the sureties have no absolute right to reclaim the subject lands in lieu of paying the amount of the bonds. The Commission also had no obligation to allow the sureties to reclaim the lands in lieu of ordering that they pay the amount of the bond forfeitures. Although the applicable statutes and regulations encourage reclamation by sureties in lieu of other permissible sanctions, the language used in addressing reclamation of lands by the surety after default by the principal obligated to perform the reclamation work is permissive rather than mandatory, providing that the Commission “may” — not that the Commission “shall” — allow approved reclamation in lieu of monetary payment. The Commission in this case chose, as it was permitted to do, to allow the sureties to pay the amount of the bond forfeitures or, in the alternative, to submit reclamation plans for approval by the Commission. The trial court, on de novo appeal, had no statutory authority to modify the Commission’s order to require payment of a monetary judgment only, thereby eliminating approved reclamation of the lands as an alternative. Because the trial court exceeded its statutory jurisdiction under § 9-16-79(6), Ala.Code 1975, when it modified the Commission’s order, we reverse the judgment of the Court of Civil Appeals affirming the trial court’s judgment and remand this case to the Court of Civil Appeals; that court is directed to reverse the judgment of the trial court and remand this cause for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
MOORE, C.J., and HOUSTON, SEE, LYONS, BROWN, HARWOOD, and WOODALL, JJ., concur.
JOHNSTONE, J., concurs specially.