MOORE, Chief Justice
(concurring specially).
I concur with the holding in the main opinion that Leroy Darby’s quiet-title action fails based on his lack of peaceable possession of the property at issue. I note that, in a case such as this, when a party has legal title to a property, but another person is in actual possession, the person *330 claiming title may bring “an action in the nature of an action of ejectment.” § 6-6-280(a), Ala.Code 1975. The complaint in such an action “for the recovery of land or the possession thereof ... is sufficient if it alleges that the plaintiff was possessed of the premises or has the.legal title thereto....” § 6-6-280(b), Ala.Code 1975 (emphasis added).
“In a statutory action in the nature of ejectment a plaintiff may recover by showing legal title to the premises sued for at the time of the commencement of the suit and the right to immediate possession.” Atlas Subsidiaries of Florida, Inc. v. Kornegay, 288 Ala. 599, 601, 264 So.2d 158, 161 (1972). “Ejectment is a favored action-for the trial of title to land.” Kelley v. Mashburn, 286 Ala. 7, 9, 236 So.2d 326, 327 (1970).